STATE OF CONNECTICUT *v.* SEAN HAMILTON
(AC 24721)

Lavery, C. J., and Harper and Foti, Js.

---

Argued September 21—officially released November 29, 2005

*Raymond L. Durelli*, special public defender, for the appellant (defendant).

*James M. Ralls*, assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Margaret E. Kelley*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Sean Hamilton, appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1). On appeal, the defendant claims that the trial court improperly (1) precluded expert testimony on DNA evidence, (2) denied his motion to suppress and (3) instructed the jury on consciousness of guilt. We affirm the judgment of the trial court.

The defendant, who was thirty-one years old, met the victim,[1] a fourteen year old girl, in late May, 2002, when she was walking her dog. The defendant gave the victim his telephone number, and she called him on June 12, 2002. At approximately 9 a.m. the next day, the defendant visited the victim's home and asked her to let him in. At that time, the victim's mother returned from work and asked the defendant why he was there. After telling her that her son had invited him, the defendant left. The victim left for school five to ten minutes later.

As the victim walked to her bus stop, the defendant approached and told her to accompany him to his home. When they entered the defendant's home, he ordered the victim to lie on his bed, and he then removed her clothes, sucked on her breast and performed oral sex on her for approximately four minutes. When the victim refused to reciprocate, the defendant offered her $200,

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

a cellular telephone and three pairs of sneakers. The victim left the defendant's home and went to school.

After the victim returned from school, her mother learned what had happened and contacted the police, who arrested the defendant. The state charged the defendant with risk of injury to a child and sexual assault in the second degree. After a trial, the jury returned a verdict of guilty. The court rendered judgment in accordance with the verdict and sentenced the defendant to a total effective term of ten years incarceration, execution suspended after four years, followed by fifteen years probation and ten years of sex offender registration. This appeal followed.

I

The defendant first claims that the court improperly precluded expert testimony on DNA evidence. We disagree.

The defendant proffered the testimony of Nicholas Yang of the state police forensic laboratory. Yang testified that his analysis of a vaginal swab taken from the victim several hours after the assault did not reveal the defendant's DNA. Defense counsel asked Yang about the probability of detecting the DNA of a man who performed oral sex on a woman for four to five minutes. Yang answered: "I don't know. I think that is perhaps outside the scope of my expertise." The court then precluded Yang's testimony. The defendant argues that the court should have admitted Yang's testimony because the absence of the defendant's DNA on the vaginal swab was relevant. The defendant further argues that the preclusion of Yang's testimony deprived him of his constitutional right to present a defense.

"[T]he trial court has wide discretion in ruling on the admissibility of expert testimony and, unless that discretion has been abused or the ruling involves a clear

misconception of the law, the trial court's decision will not be disturbed. . . . Expert testimony should be admitted when: (1) the witness has a special skill or knowledge directly applicable to a matter in issue, (2) that skill or knowledge is not common to the average person, and (3) the testimony would be helpful to the court or jury in considering the issues." (Internal quotation marks omitted.) *State* v. *West,* 274 Conn. 605, 629, 877 A.2d 787 (2005); see also Conn. Code Evid. § 7-2.

We conclude that the court properly precluded Yang's testimony. Although Yang knew that the defendant's DNA was not present on the vaginal swab, Yang stated that he lacked the expertise to interpret the absence of the defendant's DNA. Yang did not know whether the DNA of a man who performed oral sex on a woman is likely to be detected in an analysis of a vaginal swab taken several hours later. Yang therefore did not satisfy the first requirement for the admission of expert testimony because he did not possess knowledge directly applicable to the issue of the defendant's guilt.

The defendant argues that it is within the common knowledge of jurors that a man who performs four to five minutes of oral sex on a woman will leave saliva containing DNA. The issue, however, is whether the DNA in the saliva can be detected in an analysis of a vaginal swab taken several hours after the assault. That issue requires knowledge that is not common to the average person. Because Yang lacked the necessary knowledge, the court properly precluded his testimony.

We next turn to the defendant's argument that the preclusion of Yang's testimony deprived him of his constitutional right to present a defense. "The sixth amendment to the United States constitution require[s] that criminal defendants be afforded a meaningful opportunity to present a complete defense. . . . The defendant's sixth amendment right, however, does not

require the trial court to forgo completely restraints on the admissibility of evidence." (Internal quotation marks omitted.) *State* v. *Wright*, 273 Conn. 418, 424, 870 A.2d 1039 (2005). "[A] defendant's right to present a defense is not violated when a trial court properly excludes expert testimony pursuant to the applicable rules of evidence." *State* v. *Saunders*, 267 Conn. 363, 383, 838 A.2d 186, cert. denied, 541 U.S. 1036, 124 S. Ct. 2113, 158 L. Ed. 2d 722 (2004). In precluding Yang's testimony, the court properly exercised its discretion to make evidentiary rulings. The defendant's constitutional right to present a defense, therefore, was not violated.

## II

The defendant next claims that the court improperly denied his motion to suppress his written statement to the police, in which he admitted sexually assaulting the victim. We disagree.

"Our standard of review of a trial court's findings and conclusions in connection with a motion to suppress is well defined. A finding of fact will not be disturbed unless it is clearly erroneous in view of the evidence and pleadings in the whole record . . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts set out in the memorandum of decision . . . ." (Internal quotation marks omitted.) *State* v. *Straub*, 90 Conn. App. 147, 150, 877 A.2d 866, cert. denied, 275 Conn. 927, 883 A.2d 1252 (2005).

The defendant filed a motion to suppress his written statement, arguing that the two detectives who had questioned him began recording his statement before reading him his rights pursuant to *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), and asking him to sign a waiver of those rights. The

defendant signed the waiver, but argues that it was invalid because the detectives presented it to him after they began questioning him. In support of his argument, the defendant directs us to the detectives' testimony regarding the timing of the interrogation. The detectives testified that preparations for the interrogation began at 7:47 p.m. on June 13, 2002. At that time, the detectives activated their computer, explained the interrogation process, recorded the defendant's personal information, including his name and date of birth, and informed him of his *Miranda* rights. The defendant signed the waiver at 8:30 p.m. The interrogation ended at 9:17 p.m. The defendant contends that his five page statement was too lengthy to have been recorded between 8:30 p.m. and 9:17 p.m., and, therefore, the interrogation must have begun before he signed the waiver at 8:30 p.m.

"[T]o show that the defendant waived his privilege against self-incrimination, the state must prove by a preponderance of the evidence that he knowingly and intelligently waived his constitutional right to remain silent. . . . The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. . . . [T]he question of waiver must be determined on the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused. . . . The issue of waiver is factual, but our usual deference to the finding of the trial court on questions of this nature is qualified by the necessity for a scrupulous examination of the record to ascertain whether such a finding is supported by substantial evidence." (Internal quotation marks omitted.) *State* v. *Perez*, 78 Conn. App. 610, 623, 828 A.2d 626 (2003), cert. denied, 271 Conn. 901, 859 A.2d 565 (2004).

We conclude that there is substantial evidence that the defendant knowingly and voluntarily signed the

waiver before the detectives began recording his statement. Our examination of the record reveals that the defendant's five page statement was not so lengthy that it could not have been recorded properly between 8:30 p.m. and 9:17 p.m. on June 13, 2002, as the detectives testified. The court's findings in support of its denial of the defendant's motion to suppress were not clearly erroneous.

## III

The defendant's last claim is that the court improperly instructed the jury on consciousness of guilt.[2] We disagree.

The defendant contends that the court should have limited its consciousness of guilt instruction to specific instances of his conduct. In particular, the defendant directs us to a statement he made to the victim's mother that he was sorry and a letter he wrote to the court in which he maintained his innocence. At the charging conference, the court told the prosecutor that it thought that a consciousness of guilt instruction applied to the statement, but not the letter. The court nevertheless stated that it would give a "broad charge [on consciousness of guilt] without any details . . . ." The court then charged the jury that the defendant's conduct after the time of the alleged crime was not conclusive evidence of his guilt, but could be considered and given as much weight as the jury thought it warranted. The defendant argues that the court should have instructed the jury

---

[2] "In a criminal trial, it is relevant to show the conduct of an accused, as well as any statement made by him subsequent to the alleged criminal act, which may fairly be inferred to have been influenced by the criminal act. . . . The state of mind which is characterized as guilty consciousness or consciousness of guilt is strong evidence that the person is indeed guilty . . . and, under proper safeguards . . . is admissible evidence against an accused." (Internal quotation marks omitted.) *State* v. *Pelletier*, 85 Conn. App. 71, 81, 856 A.2d 435, cert. denied, 272 Conn. 911, 863 A.2d 703 (2004).

to consider the statement, but not the letter, as evidence of consciousness of guilt.[3]

"It has been stated numerous times that consciousness of guilt issues are evidentiary and not constitutional in nature." *State* v. *Hinds,* 86 Conn. App. 557, 568, 861 A.2d 1219 (2004), cert. denied, 273 Conn. 915, 871 A.2d 372 (2005). "When a challenge to a jury instruction is not of constitutional magnitude, the charge to the jury is to be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper." (Internal quotation marks omitted.) *State* v. *Russo,* 89 Conn. App. 296, 302, 873 A.2d 202, cert. denied, 275 Conn. 908, 882 A.2d 679 (2005).

We conclude that the court's decision not to limit its consciousness of guilt instruction to specific instances

---

[3] The state argues that the defendant's claim is unreviewable because he did not articulate the grounds for his objection to the court's instruction. See *State* v. *Pinnock,* 220 Conn. 765, 796, 601 A.2d 521 (1992). We reject the state's argument because our review of the transcript reveals that defense counsel did not have an adequate opportunity to make a specific objection during the charging conference. Shortly after the court permitted the prosecutor to use the rest room, defense counsel stated: "I take exception, Your Honor, to . . . the consciousness of guilt charge. . . . I would just say on that, I note that the police officer—" The court interrupted defense counsel: "Why don't you wait until [the prosecutor] comes back." When the prosecutor returned, the court told the prosecutor that defense counsel had "put on the record that he objects to the consciousness of guilt [charge] . . . ." The court then asked the jury to return and the prosecutor to begin closing argument. Under those circumstances, defense counsel lacked an adequate opportunity to specify the grounds for the objection, so we will review the defendant's claim.

of the defendant's conduct fairly presented the case to the jury and did not promote injustice. The court correctly instructed the jury that it was free to weigh the defendant's conduct following the alleged offense. The court was not obligated to distinguish among the evidence when instructing on consciousness of guilt.

The judgment is affirmed.

In this opinion the other judges concurred.