STATE OF CONNECTICUT *v.* WILLIAM ANDREWS
(AC 25508)

Schaller, Bishop and Foti, Js.

Argued April 30—officially released July 31, 2007

*Pamela S. Nagy*, special public defender, for the appellant (defendant).

*Melissa L. Streeto*, assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, *Robert G. Hall*, supervisory assistant state's attorney, and *Kimberley N. Perrelli*, senior assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, William Andrews, appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). On appeal, the defendant claims that the trial court improperly (1) marshaled the evidence against him in charging the jury and (2) violated his sixth amendment rights to confrontation and to present a defense. We affirm the judgment of the trial court.

The defendant, who was thirty-four years old, was a friend of the family of the victim,[1] a fifteen year old girl. On March 17, 2002, the victim told her family that the defendant had sexually assaulted her two or three weeks earlier during a sleepover at her home. According to the victim, she was sleeping in her living room with five other children and woke up when the defendant

---

[1] In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

restrained her, covered her mouth and forced her to have vaginal intercourse. After reporting the assault to her family, the victim went to a hospital, where a physician, Gary LaPolla, examined her and did not find any vaginal injuries or other evidence that she had been sexually assaulted.

The state subsequently charged the defendant with sexual assault in the first degree, sexual assault in the second degree and risk of injury to a child. At trial, LaPolla testified that the victim told him that the defendant had tried to insert his penis into her vagina but failed to do so. After considering all of the evidence, the jury returned a verdict of not guilty on both of the sexual assault counts and a verdict of guilty of risk of injury to a child. The court rendered judgment in accordance with the verdict and sentenced the defendant to eight and one-half years incarceration, execution suspended after five years, followed by ten years probation. This appeal followed.

I

The defendant first claims that the court improperly marshaled the evidence against him in charging the jury. We disagree.

"A trial court has broad discretion to comment on the evidence adduced in a criminal trial. . . . A trial court often has not only the right, but also the duty to comment on the evidence. . . . The purpose of marshaling the evidence . . . is to provide a fair summary of the evidence, and nothing more; to attain that purpose, the [trial] judge must show strict impartiality. . . . To avoid the danger of improper influence on the jury, a recitation of the evidence should not be so drawn as to direct the attention of the jury too prominently to the facts in the testimony on one side of the case,

while sinking out of view, or passing lightly over, portions of the testimony on the other side, which deserve equal attention. . . .

"On review, we do not evaluate the court's marshaling of the evidence in isolation. Rather, [t]o determine whether the court's instructions were improper, we review the entire charge to determine if, taken as a whole, the charge adequately guided the jury to a correct verdict. . . . The pertinent test is whether the charge, read in its entirety, fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . [I]n appeals involving a constitutional question, [the standard is] whether it is reasonably possible that the jury [was] misled." (Internal quotation marks omitted.) *State* v. *Little*, 88 Conn. App. 708, 712–13, 870 A.2d 1170, cert. denied, 274 Conn. 916, 879 A.2d 895 (2005).

The defendant directs us to several portions of the court's charge that, in his view, constitute improper marshaling.[2] First, in instructing the jury as to whether the victim correctly identified the defendant as her assailant, the court noted that the defendant was a good friend of the victim's family and frequently visited the victim's home. The court later stated that the victim was younger than sixteen years of age at the time of the alleged assault and that the defendant did not dispute that fact. The court then explained that the victim's

---

[2] Although the defendant did not object to every portion of the court's charge on which he bases his claim, he also seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), which provides that "a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id., 239–40.

consent to have sexual intercourse was not an issue because a child younger than sixteen years old cannot give such consent. In commenting on the alleged sexual contact between the victim and the defendant, the court stated: "[Y]ou heard the testimony of the [victim] as to the effect that [the contact] had upon her."

The court also referred to the victim's testimony that the defendant had forced her to have vaginal intercourse and her inconsistent statement to LaPolla at the hospital that the defendant had tried, but failed, to insert his penis into her vagina. Although the court's reference was more favorable to the defendant than to the victim, the defendant contends that the court should have added that LaPolla had not found any evidence of a sexual assault when he examined the victim at the hospital. The defendant also directs us to the court's statement that "[w]e all have sympathy for what may or may not have occurred for anybody who may have taken the [witness] stand. But do your level best to decide this case fairly and impartially without regard to sympathy or punishment." The defendant argues that the court subtly expressed a view that only the victim deserved sympathy because the victim testified at trial, but the defendant chose not to testify. The defendant also contends that the court improperly emphasized that the victim deserved sympathy while he deserved punishment.

Finally, the defendant argues that the court improperly responded to a note that the jury submitted during its deliberation. That note stated in relevant part: "Does mere contact between the penis and vagina constitute penetration, no matter how slight as defined by the statute." In response to that note, the court repeated its instructions regarding the definitions of contact and penetration. The defendant argues that the court's response should have been limited to the definition of

penetration, with no mention of contact. In the defendant's view, the court's repeated instruction regarding contact misled the jury into believing that sexual contact between the victim and the defendant had been established conclusively.

Having considered the numerous portions of the court's charge on which the defendant bases his claim, we are unpersuaded that the court engaged in improper marshaling. The court commented on evidence that tended to be favorable to the defendant, such as the victim's inconsistent statement to LaPolla at the hospital, and evidence that could have been unfavorable to the defendant, such as the close relationship that he had with the victim's family, which could have facilitated an assault of the victim. In commenting on the evidence, the court provided the jury a fair summary and did not direct its attention too prominently to the evidence of the defendant's guilt or pass lightly over the evidence that the defendant was not guilty.

The defendant's attempt to isolate certain comments by the court is unavailing because those comments must be evaluated in light of the entire charge. For instance, the defendant critically dissects the court's statements regarding sympathy and punishment in order to argue that the court subtly instructed the jury to have sympathy for the victim and to punish the defendant. The defendant also refers to the court's instruction regarding the inapplicability of consent and its repeated definitions of contact and penetration. The defendant's approach, however, glosses over the legal correctness of those instructions and the overall effect of the charge, which was to guide the jury to a correct verdict. We conclude that the court properly marshaled the evidence in charging the jury.

II

The defendant next claims that the court improperly violated his sixth amendment rights to confrontation and to present a defense. We disagree.

The defendant's claim relates to his theory that the victim's family coerced the victim into falsely accusing the defendant of sexual assault. The reason for the false accusation, according to the defendant, was that the victim's family was angry because he occasionally had sex with both the victim's mother and a former girlfriend of the victim's uncle. At trial, the defendant sought to cross-examine the victim's mother, uncle and the wife of the uncle regarding their knowledge of the defendant's sexual relationships, but the court precluded that cross-examination on the ground of relevance. The court permitted the jury to hear the testimony of the victim's mother that the mother had had sex with the defendant on the night of the alleged sexual assault of the victim. The court also permitted the defendant's fiancee to testify that the defendant had had an argument with the victim's uncle about the uncle's former girlfriend shortly before the victim's family accused the defendant of sexually assaulting the victim. The court did not allow the defendant's fiancee to testify as to certain details of the defendant's relationship with the uncle's former girlfriend. The defendant now argues that he should have been allowed to proceed with his cross-examination and to elicit further testimony from his fiancee in order to develop his theory of defense more fully.

"Our standard of review of a claim that the court improperly limited the cross-examination of a witness is one of abuse of discretion. . . . [I]n . . . matters pertaining to control over cross-examination, a considerable latitude of discretion is allowed. . . . The determination of whether a matter is relevant or collateral, and the scope and extent of cross-examination of a witness, generally rests within the sound discretion of the trial court. . . . Every reasonable presumption should be made in favor of the correctness of the court's

ruling in determining whether there has been an abuse of discretion. . . .

"The court's discretion, however, comes into play only after the defendant has been permitted cross-examination sufficient to satisfy the sixth amendment [to the United States constitution]. . . . The sixth amendment . . . guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. . . . The primary interest secured by confrontation is the right to cross-examination . . . . As an appropriate and potentially vital function of cross-examination, exposure of a witness' motive, interest, bias or prejudice may not be unduly restricted. . . . Compliance with the constitutionally guaranteed right to cross-examination requires that the defendant be allowed to present the jury with facts from which it could appropriately draw inferences relating to the witness' reliability. . . . [P]reclusion of sufficient inquiry into a particular matter tending to show motive, bias and interest may result in a violation of the constitutional requirements of the sixth amendment. . . . In determining whether such a violation occurred, [w]e consider the nature of the excluded inquiry, whether the field of inquiry was adequately covered by other questions that were allowed, and the overall quality of the cross-examination viewed in relation to the issues actually litigated at trial." (Citations omitted; internal quotation marks omitted.) *State* v. *Hedge*, 93 Conn. App. 693, 697–98, 890 A.2d 612, cert. denied, 277 Conn. 930, 896 A.2d 102 (2006).

As to the defendant's right to present a defense, "[t]he sixth amendment to the United States constitution require[s] that criminal defendants be afforded a meaningful opportunity to present a complete defense. . . . The defendant's sixth amendment right, however, does not require the trial court to forgo completely restraints on the admissibility of evidence." (Internal quotation

marks omitted.) *State* v. *Hamilton*, 92 Conn. App. 454, 458–59, 886 A.2d 443 (2005), cert. denied, 277 Conn. 901, 891 A.2d 3 (2006). "[T]he constitution does not require that a defendant be permitted to present every piece of evidence he wishes. . . . If the proffered evidence is not relevant, the defendant's right to confrontation is not affected, and the evidence was properly excluded." (Internal quotation marks omitted.) *State* v. *Griffin*, 98 Conn. App. 821, 826, 912 A.2d 520 (2006), cert. denied, 281 Conn. 915, 917 A.2d 999 (2007).

We conclude that the defendant's sixth amendment rights to confrontation and to present a defense were not violated because the court permitted him to conduct sufficient inquiry into his theory of defense. The court allowed the jury to hear that the defendant had had sex with the victim's mother on the night of the alleged sexual assault of the victim. The court also allowed the jury to hear the testimony of the defendant's fiancee that the defendant and the victim's uncle had had an argument about the uncle's former girlfriend shortly before the victim's family accused the defendant of sexually assaulting the victim. The jury was therefore aware that the defendant had a complex relationship with the victim's family and that members of that family may have had various motives to corroborate the victim's testimony. The court's preclusion of the additional direct examination and cross-examination that the defendant sought was, accordingly, a matter of the court's discretion. We agree with the court that further details of the defendant's sexual relationships were not relevant to the issue at hand, which was whether the defendant had sexually assaulted the victim during a sleepover at her home. We therefore reject the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.