STATE OF CONNECTICUT *v.* DWAYNE K. GRIFFIN
(AC 25206)

Bishop, DiPentima and Gruendel, Js.

Argued October 26—officially released December 26, 2006

*Carlos E. Candal*, special public defender, for the appellant (defendant).

*Susann E. Gill*, senior assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, former state's attorney, *Kevin D. Lawlor*, former assistant state's

attorney, and *Andrea W. Fancher*, certified legal intern, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Dwayne K. Griffin, appeals from the judgment of conviction, rendered after a jury trial, of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a) (4), and burglary in the third degree in violation of General Statutes § 53a-103.[1] On appeal, the defendant argues that the trial court abused its discretion in excluding the testimony of a sequestered witness in violation of his sixth amendment right to present a defense. We affirm the judgment of the trial court.

The relevant facts are undisputed. In the late hours of December 5, 2001, two individuals robbed the York Street Market in West Haven. The defendant subsequently became a suspect in that robbery. On February 7, 2002, the defendant was interrogated at the Milford police headquarters by Detectives David Burke and John Brunelli of the West Haven police department. Also present at that interrogation was the defendant's wife, Madeline Griffin. During that interrogation, the defendant provided a videotaped statement in which he discussed his involvement in the robbery of the York Street Market. He thereafter was charged with the aforementioned crimes.

The defendant appeared before the court on April 23, 2002, where he pleaded not guilty and elected to be tried by the jury. On April 24, 2003, the defendant filed a motion to sequester all witnesses pursuant to Practice

---

[1] The defendant entered an unconditional nolo contendere plea to the part B information charging him with being a persistent dangerous felony offender in violation of General Statutes § 53a-40 (a) (1) after the jury reached its verdict on the underlying charges.

Book § 42-36, which the court granted.[2] That same day, the defendant filed a motion to suppress certain statements, and the court scheduled a hearing on that motion for the first day of trial. On June 5, 2003, the state filed a motion for disclosure and inspection that sought the names and addresses of all witnesses that the defendant intended to call in his case-in-chief. Madeline Griffin's name was not disclosed.

On October 28, 2003, the trial commenced with the suppression hearing. The transcript of that proceeding begins with the following colloquy:

"The Court: Can we have [the defendant] come out, please?

"[Defense Counsel]: Your Honor, there is just one minor matter that I'd like to bring to the court's attention before we begin, and that is respecting a motion that I had filed previously and it had been ruled on previously, and that is the motion for sequestration of witnesses. I assume the state has no witnesses in the courtroom at the present time.

"[The Prosecutor]: No, the state has no witnesses in the courtroom at the present time, and all the state's witnesses that are prepared for this morning have been instructed to wait outside the courtroom until called.

"The Court: Counsel, just so we have for the record, this is the matter of state of Connecticut versus Dwayne Griffin, docket number CR02-0045125, and if counsel would please note your appearances for the record?

"[The Prosecutor]: Kevin Lawlor for the state.

"[Defense Counsel]: David Egan for the defendant, Your Honor.

---

[2] Practice Book § 42-36 provides: "The judicial authority upon motion of the prosecuting authority or of the defendant shall cause any witness to be sequestered during the hearing on any issue or motion or during any part of the trial in which such witness is not testifying."

"[The Prosecutor]: The state would just make an additional oral motion at this point. Counsel hasn't indicated to me whether or not he plans to present any witnesses. I would just ask that if there is anybody in the courtroom on the defense side that may be testifying in this matter, that they be asked to leave the courtroom at this time.

"[Defense Counsel]: Yeah, I can make the same representation, Your Honor. There's no one in the courtroom at the present time, other than perhaps the defendant, who may be testifying in his own defense. That's the only witness we would intend to offer at this time, Your Honor."

As that discussion transpired, Madeline Griffin sat quietly in the courtroom, where she remained for the entire suppression hearing. At the conclusion of the hearing, the court denied the motion to suppress.[3] Specifically, the court found that warnings pursuant to *Miranda* v. *Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), were given on at least three occasions, that the statements at issue were voluntarily made by the defendant after he had been advised of his constitutional protections and that there was no coercive activity on the part of law enforcement personnel.

During its case-in-chief, the state called Detective Burke to testify. As he had done in his earlier testimony during the suppression hearing, Burke testified as to the February 7, 2002 interview of the defendant at the Milford police station. At the close of the state's case, the defendant requested the court's permission to offer the testimony of Madeline Griffin. Counsel for the defendant stated: "[Madeline] Griffin would testify to some of the same matters that Detective Burke has testified to, and it would be for that purpose that we

---

[3] On appeal, the defendant does not challenge the court's denial of his motion to suppress.

would be offering her testimony." The state objected on the grounds that the defendant did not disclose her as a witness and that her presence at the suppression hearing violated the sequestration order. The court sustained the state's objection, and the trial resumed. The jury thereafter found the defendant guilty of all charges, and the court rendered judgment accordingly. From that judgment, the defendant now appeals.

I

The defendant contends that the court violated his sixth amendment right to present a defense by excluding Madeline Griffin's testimony.[4] "The sixth amendment right to compulsory process includes the right to offer the testimony of witnesses, and to compel their attendance, if necessary, [and] is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so that it may decide where the truth lies. . . . When defense evidence is excluded, such exclusion may give rise to a claim of denial of the right to present a defense. . . . A defendant is, however, bound by the rules of evidence in presenting a defense. . . . Although exclusionary rules of evidence cannot be applied mechanistically to deprive a defendant of his rights, the constitution does not require that a defendant be permitted to present every piece of evidence he wishes. . . . If the proffered evidence is not relevant, the defendant's right to confrontation is not affected, and the evidence was properly excluded." (Citation omitted; internal quotation marks omitted.) *State* v. *King*, 249 Conn. 645, 668, 735 A.2d 267 (1999). At the same time, the right to present testimony that is relevant and material may not be denied arbitrarily. See *United*

---

[4] Although the defendant also asserts a violation of our state constitution, he provides no independent state constitutional analysis. We thus limit our review to the defendant's federal constitutional claim. See *State* v. *Merriam*, 264 Conn. 617, 631 n.17, 835 A.2d 895 (2003).

*States* v. *Scheffer*, 523 U.S. 303, 308, 118 S. Ct. 1261, 140 L. Ed. 2d 413 (1998).

In his appellate brief, the defendant provides considerable detail as to the nature and substance of the testimony that Madeline Griffin would have given.[5] Such detail is lacking in the trial transcript. It reveals that the defendant made no offer of proof or any indication of the substance of her testimony. Rather, his counsel simply stated that Madeline Griffin "would testify to some of the same matters that Detective Burke has testified to . . . ." Furthermore, the defendant did not request an opportunity to present Madeline Griffin's testimony outside the presence of the jury. Cf. *State* v. *Bridges*, 65 Conn. App. 517, 520, 782 A.2d 1256, cert. denied, 258 Conn. 934, 785 A.2d 230 (2001).

On the record before us, we cannot discern whether Madeline Griffin's testimony would have been relevant or material, nor can we evaluate whether its exclusion was arbitrary. It is the responsibility of the appellant to provide this court with an adequate record for review. See Practice Book § 61-10. Without an adequate record, we are left to speculation and conjecture; *Gelormino* v. *Liberman*, 36 Conn. App. 153, 154, 649 A.2d 259, cert. denied, 231 Conn. 946, 653 A.2d 826 (1994); which "have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). We therefore decline to review the defendant's sixth amendment claim.

---

[5] The defendant's brief at various points posits that Madeline Griffin would have (1) impeached the testimony of the state's main witnesses, (2) corroborated the defendant's claim that he was not provided *Miranda* warnings, (3) corroborated the defendant's claim that he made up certain facts regarding his involvement in the robbery in order to receive consideration for his cooperation, (4) directly attacked the accurateness and validity of the defendant's confession and (5) demonstrated that the confession was obtained unlawfully. None of those bases for her testimony was raised at trial.

## II

As an evidentiary matter, the defendant claims that the court abused its discretion in excluding Madeline Griffin's testimony. "[T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . The trial court's ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion." (Internal quotation marks omitted.) *State* v. *Gonzalez*, 272 Conn. 515, 542, 864 A.2d 847 (2005).

In the present case, the defendant failed to comply with the notice requirements of Practice Book § 40-13 (b). That rule of procedure provides in relevant part that "[u]pon written request by the prosecuting authority . . . the defendant, subject to Section 40-40 et seq., shall promptly, but no later than forty-five days from the filing of the request, unless such time is extended by the judicial authority for good cause shown, disclose to the prosecuting authority the names and, subject to the provisions of subsection (h) of this section, the addresses of all witnesses that the defendant intends to call in the defendant's case in chief . . . ." Although the state filed a motion for disclosure of witnesses on June 5, 2003, Madeline Griffin's name never was disclosed.

In addition, the defendant failed to comply with the sequestration order that he had earlier requested. The primary purpose of a sequestration order is to prevent tailored testimony. *State* v. *Lowe*, 61 Conn. App. 291, 297, 763 A.2d 680 (2001). The October 28, 2003 suppression hearing centered on the admission of certain statements made by the defendant during his February 7, 2002 interview at the Milford police department. Both the state and the defendant were aware that Madeline

Griffin was present throughout that interview. At the outset of the suppression hearing, the state made the following oral motion: "Counsel hasn't indicated to me whether or not he plans to present any witnesses. I would just ask that if there is anybody in the courtroom on the defense side that may be testifying in this matter, that they be asked to leave the courtroom at this time." With Madeline Griffin seated in the courtroom at that moment, counsel for the defendant answered in the negative. Her testimony at trial, therefore, would have run afoul of the sequestration order. Finally, as discussed in part I, the defendant failed to provide the court with any indication of the substance of the testimony that she would have given. Indulging every reasonable presumption in favor of upholding the ruling, we cannot say that the court clearly abused its discretion in excluding Madeline Griffin's testimony.

The judgment is affirmed.

In this opinion the other judges concurred.