STATE OF CONNECTICUT *v.* MARCELINO S.[1]
(AC 29902)

DiPentima, Gruendel and Alvord, Js.

---

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Argued October 20—officially released December 29, 2009

*Carlos E. Candal,* special public defender, for the appellant (defendant).

*Robin S. Schwartz,* special assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Marc G. Ramia,* assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Marcelino S., appeals from the judgment of conviction, rendered after a jury trial, of risk of injury to a child in violation of General Statutes § 53-21 (a) (2) and sexual assault in the fourth degree in violation of General Statutes (Rev. to 2003)

§ 53a-73a (a) (1) (A). On appeal, the defendant claims that (1) his conviction violated the constitutional prohibition against double jeopardy, (2) the information charging him with risk of injury to a child and sexual assault in the fourth degree was duplicitous, and (3) the court improperly limited cross-examination of the victim's mother in violation of his sixth amendment rights. We disagree and, accordingly, affirm the judgment of conviction.

The jury reasonably could have found the following facts. In 2000, the defendant began a relationship with M and they married in 2002. The defendant moved into M's home, where her child, K, from a previous relationship, resided. K was born in 1994. Between August, 2003 and April, 2005, the defendant watched K while M was out of the home. On numerous occasions, the defendant touched K's chest, vagina and buttocks in a sexual manner. These contacts occurred over K's clothes. Following an investigation, the defendant was arrested and charged in a long form information dated December 17, 2007. After a jury trial, the defendant was convicted of risk of injury to a child and sexual assault in the fourth degree. The court sentenced the defendant to twenty years incarceration, suspended after twelve years, and fifteen years of probation with special conditions. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that his conviction violated the constitutional prohibition against double jeopardy. Specifically, he argues that, as a result of his conviction of risk of injury to a child and sexual assault in the fourth degree, he has received multiple punishments for the same offense. We disagree.

This claim is controlled by a recent decision from our Supreme Court. In *State* v. *Alvaro F.*, 291 Conn. 1,

11–16, 966 A.2d 712, cert. denied, 558 U.S. 882, 130, S. Ct. 200, 175 L. Ed. 2d 140 (2009), the court held that a conviction for violation of § 53-21 (a) (2) and § 53a-73 (a) (1) (A) does not violate double jeopardy.[2] Id. Specifically, it concluded that each of those crimes requires proof of a fact that the other does not and that the legislature did not intend to prohibit multiple punishments for the conduct underlying the two charges. Id. Absent any effort by the defendant to distinguish the present case from *Alvaro F.*, we conclude that, on the basis of this controlling precedent from our Supreme Court, the defendant's double jeopardy claim must fail.

## II

The defendant next claims that the information charging him with sexual assault in the fourth degree and risk of injury to a child was impermissibly duplicitous. Specifically, he argues that he was prejudiced by the information because of a lack of notice and the "real possibility" that the members of the jury did not agree unanimously on the specific actus reus[3] constituting the basis for each criminal offense.[4] We are not persuaded.

---

[2] The *Alvaro F.* decision was published after the defendant had filed his initial brief to this court. The defendant has not attempted, either in a reply brief or at oral argument to distinguish the present case from *Alvaro F.*

[3] The term "actus reus" is defined as follows: "The 'guilty act.' A wrongful deed which renders the actor criminally liable if combined with mens rea. The actus reus is the physical aspect of a crime, whereas the mens rea (guilty mind) involves the intent factor." Black's Law Dictionary (6th Ed. 1990).

[4] At oral argument before this court, the defendant claimed that the court should have provided the jury with a unanimity instruction. The state countered that this issue was not raised in the defendant's brief but presented for the first time at oral argument. Appellate courts generally do not consider claims raised for the first time at oral argument. See *State* v. *Wright*, 197 Conn. 588, 595, 500 A.2d 547 (1985); see also *State* v. *Holmes*, 70 Conn. App. 4, 5 n.2, 796 A.2d 561 (2002).

We have reviewed carefully the defendant's brief to determine whether it sets forth an improper jury charge claim. His brief provides the statement that appellate courts generally do not consider improper jury charge claims when no request to charge was submitted and no objection was raised following the court's instructions. It further states that such a claim may

The state's long form information, dated December 17, 2007, stated in relevant part: "In the Superior Court of Connecticut, Judicial District of New Haven . . . [the assistant state's attorney] accuses the defendant . . . of Risk of Injury to a Minor, and *charges that on divers dates, between August 2003 and April 2005* . . . the defendant . . . had contact with the intimate parts of a child under the age of sixteen, to wit: a minor . . . child . . . in a sexual and indecent manner likely to impair the health and morals of such child, in violation of subsection (2) of subsection (a) of section 53-21 of the Connecticut General Statutes. . . .

"[The assistant state's attorney] further accuses the defendant . . . of Sexual Assault in the Fourth Degree, and *charges that on divers dates, between August 2003 and April 2005* . . . the defendant . . . intentionally subjected another person to sexual contact who was under fifteen years of age, to wit: a minor . . . child . . . in violation of subsection (A) of subsection (1) of subsection (a) of section 53a-73a of the Connecticut General Statutes." (Emphasis added.)

At the outset, we note that the defendant filed no request for a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charges against him with sufficient precision to enable him to prepare his defense and avoid prejudicial surprise. . . . A bill of particulars limits the state to proving that the defendant has committed the offense in substantially

be reviewed pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). We also acknowledge the defendant's discussion of certain state and federal cases addressing the issue of whether a unanimity instruction was required in light of a duplicitous information. The defendant's analysis, however, is focused solely on whether, due to the information, the jurors could have disagreed on what conduct constituted the actus reus underlying the criminal offenses of risk of injury to a child and sexual assault in the fourth degree. Accordingly, we decline to consider the defendant's claim, raised for the first time at oral argument, that the court improperly failed to provide the jury with a unanimity instruction.

the manner described." (Internal quotation marks omitted.) *State* v. *Reynolds*, 264 Conn. 1, 155, 836 A.2d 224 (2003), cert. denied, 541 U.S. 908, 124 S. Ct. 1614, 158 L. Ed. 2d 254 (2004).

The defendant's argument is that he was deprived of his right to have the jury unanimously agree on the actus reus underlying his conviction of risk of injury to a child and sexual assault in the fourth degree. He requests review of this unpreserved claim pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "Under the familiar principle established in *Golding*, a defendant can prevail on an unpreserved claim of constitutional error only if each of four conditions is met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Internal quotation marks omitted.) *State* v. *Bereis*, 117 Conn. App. 360, 370–71, 978 A.2d 1122 (2009).

We agree with the defendant that the record is adequate for review. Additionally, the defendant's claim is of constitutional magnitude. See *State* v. *Suggs*, 209 Conn. 733, 759–60, 553 A.2d 1110 (1989); see also *State* v. *Bailey*, 82 Conn. App. 1, 5, 842 A.2d 590, cert. denied, 269 Conn. 913, 852 A.2d 744 (2004). We conclude, however, that the defendant's claim fails under the third prong of *Golding*.

"Duplicity occurs when two or more offenses are charged in a single count of the accusatory instrument." (Internal quotation marks omitted.) *State* v. *Browne*, 84 Conn. App. 351, 381, 854 A.2d 13, cert. denied, 271 Conn. 931, 859 A.2d 930 (2004). "It is now generally

recognized that [a] single count is not duplicitous merely because it contains several allegations that could have been stated as separate offenses. . . . Rather, such a count is only duplicitous where the policy considerations underlying the doctrine are implicated. . . . These [considerations] include avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution." (Citations omitted; internal quotation marks omitted.) *State* v. *Saraceno*, 15 Conn. App. 222, 228–29, 545 A.2d 1116, cert. denied, 209 Conn. 823, 824, 552 A.2d 431, 432 (1988); see also *State* v. *Browne*, supra, 381. The defendant has limited his claim on appeal to the issues of the lack of unanimity and notice.[5]

Our decision in *Saraceno* is instructive as to the defendant's claim in the present appeal. In that case, the defendant was charged with multiple counts of sexual assault in the second degree and risk of injury to a child. *State* v. *Saraceno*, supra, 15 Conn. App. 224. He claimed on appeal, inter alia, that he was prejudiced by a duplicitous information. Id., 228. With respect to the concern of the possible lack of unanimity of the jury under the information and the evidence, we stated: "While we are ever mindful that the defendant is entitled to be protected against the danger that . . . he will be convicted not on the basis of one unanimous verdict on a single set of facts but under juror votes of conviction which, depending on the particular member of the jury, relate to entirely different [occasions] . . . we find that

---

[5] We also note that the state does not challenge the defendant's assertion that the information was duplicitous. Instead, it maintains that it was not *impermissibly* duplicitous.

with regard to the evidence adduced in this case, it was not possible for the jury to return a verdict which was not unanimous. Given the complainant's age and her relative inability to recall with specificity the details of separate assaults, the jury was not presented with the type of detail laden evidence which would engender differences of opinion on fragments of her testimony. In other words, the bulk of the state's case rested on the credibility of the young complainant. . . . [T]he jury was left, primarily, only with the decision of whether [the minor victim] should be believed. With such general testimony, the spectre of lack of unanimity cannot arise." (Citation omitted; internal quotation marks omitted.) Id., 230.[6]

In the present case, K testified that the defendant touched her breasts, buttocks and vagina, over her clothes, on more than one occasion over a period of time. Of course, "[t]he state has a duty to inform a defendant, within reasonable limits, of the time when the offense charged was alleged to have been committed. *The state does not have a duty, however, to disclose information which the state does not have.* Neither the sixth amendment [to] the United States constitution nor article first, § 8 of the Connecticut constitution requires that the state choose a particular moment as the time of an offense when the best information available to the state is imprecise." (Emphasis added; internal quotation marks omitted.) *State* v. *Spigarolo*, 210 Conn. 359, 386, 556 A.2d 112, cert. denied, 493 U.S. 933, 110 S. Ct. 322,

---

[6] In *Saraceno*, we noted that the trial court instructed the jury that "it was required to render an unanimous verdict on at least a single violation of the statute alleged in each count in order to convict the defendant." *State* v. *Saraceno*, supra, 15 Conn. App. 230–31. Such an instruction was not given in the present case. Despite this difference, we conclude that the rationale of *Saraceno*, namely, that given K's young age and the general nature of her testimony, the concern of lack of unanimity cannot arise, applies to this case. See, e.g., *State* v. *Browne*, supra, 84 Conn. App. 381–82 (discussing rationale of *Saraceno*).

107 L. Ed. 2d 312 (1989); see also *State* v. *Hickey*, 23 Conn. App. 712, 715, 584 A.2d 473, cert. denied, 217 Conn. 809, 585 A.2d 1233, cert. denied, 501 U.S. 1252, 111 S. Ct. 2894, 115 L. Ed. 2d 1058 (1991). "[I]n a case involving the sexual abuse of a very young child, that child's capacity to recall specifics, and the state's concomitant ability to provide exactitude in an information, are very limited. The state can only provide what it has. This court will not impose a degree of certitude as to date, time and place that will render prosecutions of those who sexually abuse children impossible. To do so would have us establish, by judicial fiat, a class of crimes committable with impunity." *State* v. *Saraceno*, supra, 15 Conn. App. 237; see also *State* v. *Osborn*, 41 Conn. App. 287, 293 n.4, 676 A.2d 399 (1996).

We conclude, therefore, that the defendant was not prejudiced as a result of the duplicitous information. As was the case in *Saraceno*, the bulk of the state's case rested on the credibility of K; the primary decision for the jury was whether K should be believed. See *State* v. *Saraceno*, supra, 15 Conn. App. 230. Moreover, the state provided the defendant with sufficient notice on the basis of the information that it had. Accordingly, the defendant has failed to meet the third prong of *Golding*, and his claim must fail.

### III

The defendant's final claim is that the court improperly limited cross-examination of M and violated his sixth amendment rights to confrontation and to present a defense. Specifically, he argues that the court improperly prevented him from cross-examining M regarding the fact that she herself had been a victim of sexual assault by her father. We are not persuaded.

The following additional facts are necessary for our discussion. During cross-examination, M testified that she had no suspicion that the defendant had engaged

in this type of conduct and that the relationship between the defendant and K appeared "fine." Defense counsel then inquired of M's own experience as a child victim of sexual assault. The state raised a relevancy objection. Outside the presence of the jury, defense counsel was allowed to question M further. She testified that as a child, she had been the victim of sexual abuse by her father. Defense counsel then asked if, based on that experience, she had kept an "extra eye" on K. M replied in the affirmative. Defense counsel argued that this was relevant because M previously testified that she had informed the investigating police officers that she had no suspicions regarding the defendant. Additionally, according to defense counsel, M "would have recognized the signs" of abuse due to her own history.

The state reiterated the relevancy objection and also argued that there was no foundation for M's testimony. The court sustained the objection, ruling that "[M] has already testified that she had no suspicions, that [the defendant and K] had a good relationship as far as [M] could tell, [K] never complained, [and] the fact that this witness is prepared to testify that she in the past has been a victim of this type of behavior I do not think adds anything to the issue before the jury."

After the jury returned, M testified that she had told police officers that she had kept an "extra close eye" on K and the defendant and that she never saw anything "strange" between the two. During redirect examination, M stated that despite her initial concerns about K fabricating the allegations against the defendant, after speaking with K, those concerns were alleviated.

On appeal, the defendant argues that the court improperly deprived him of his constitutional rights[7] to

---

[7] To the extent that the defendant also asserts a claim that his due process rights were violated under the Connecticut constitution, he has failed to provide an independent analysis of this issue under the state constitution. See *State* v. *Banks*, 117 Conn. App. 102, 106 n.1, 978 A.2d 519, cert. denied, 294 Conn. 905, 982 A.2d 1081 (2009); see also *State* v. *Geisler*, 222 Conn.

confront and to cross-examine witnesses against him and to present a defense. He further contends that the court abused its discretion in sustaining the state's relevancy objection. We are not persuaded by the defendant's arguments.

As a preliminary matter, we note that the defendant's constitutional claims were not preserved at trial, and, therefore, he again seeks review pursuant to *State* v. *Golding*, supra, 213 Conn. 239–40.[8] The record is adequate for our review, and the defendant's claim, implicating rights to confrontation and to present a defense, is of constitutional magnitude. See *State* v. *Rolon*, 257 Conn. 156, 174–75, 777 A.2d 604 (2001); *State* v. *Mish*, 110 Conn. App. 245, 257, 954 A.2d 854, cert. denied, 289 Conn. 941, 959 A.2d 1008 (2008). We conclude, however, that the defendant's claim fails to satisfy the third prong of *Golding*.

Our Supreme Court has stated: "There is no dispute that in the adversarial setting of a trial, the accused has

672, 684–86, 610 A.2d 1225 (1992) (providing analytical tools for state constitutional claims). Consequently, we deem the defendant to have abandoned any state constitutional claim.

[8] The defendant also requests review pursuant to the plain error doctrine. See Practice Book § 60-5. "The plain error doctrine is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court *invokes* in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless *requires reversal of the trial court's judgment,* for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . [I]nvocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review." (Emphasis in original; internal quotation marks omitted.) *State* v. *Cutler*, 293 Conn. 303, 326, 977 A.2d 209 (2009). We conclude that this claim does not require reversal under the plain error doctrine because the defendant has failed to establish the existence of an extraordinary situation affecting the fairness and integrity of and public confidence in the judicial proceeding. See *State* v. *King*, 116 Conn. App. 372, 382–83, 976 A.2d 765, cert. denied, 294 Conn. 912, 983 A.2d 274 (2009).

a right under the confrontation clause to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, [can] appropriately draw inferences relating to the reliability of the [State's] witness. . . . It is also undisputed that the accused has an equal right under the compulsory process and due process clauses to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so that it may decide where the truth lies." (Citations omitted; internal quotation marks omitted.) *State v. Kelly*, 208 Conn. 365, 375, 545 A.2d 1048 (1988). We also are mindful that "[t]he primary interest secured by confrontation is the right to cross-examination . . . . As an appropriate and potentially vital function of cross-examination, exposure of a witness' motive, interest, bias or prejudice may not be unduly restricted. . . . Compliance with the constitutionally guaranteed right to cross-examination requires that the defendant be allowed to present the jury with facts from which it could appropriately draw inferences relating to the witness' reliability. . . . [P]reclusion of sufficient inquiry into a particular matter tending to show motive, bias and interest may result in a violation of the constitutional requirements of the sixth amendment. . . . Further, the exclusion of defense evidence may deprive the defendant of his constitutional right to present a defense." (Citations omitted; internal quotation omitted.) *State v. DeJesus*, 270 Conn. 826, 835, 856 A.2d 345 (2004). Nevertheless, "[n]ot every ruling that prevents the defendant from introducing evidence . . . rises to the level of a violation of his constitutional rights." Id., 836.

A

We begin our analysis by considering whether the court properly restricted defense counsel's inquiry regarding M's prior victimization on the ground that it was irrelevant. "It is well settled that [t]he proffering

party bears the burden of establishing the relevance of the offered [evidence]. Unless such a proper foundation is established, the evidence . . . is irrelevant. . . . We have often stated that [e]vidence is admissible when it tends to establish a fact in issue or to corroborate other direct evidence in the case. . . . One fact is relevant to another fact whenever, according to the common course of events, the existence of the one, taken alone or in connection with other facts, renders the existence of the other either certain or more probable." (Internal quotation marks omitted.) *State* v. *Therrien*, 117 Conn. App. 256, 264, 978 A.2d 556, cert. denied, 294 Conn. 913, 983 A.2d 275 (2009); see also Conn. Code Evid. § 4-1.

The court properly determined that M's abuse by her father was not relevant to any issue in the present case involving the defendant and K. The mere fact that M herself had been a victim did not establish a fact in issue or corroborate other direct evidence in the case. Further, there was no foundation that, as a victim herself, M would have been able to identify signs that the defendant had abused K. Accordingly, we conclude that the court's ruling on the state's relevancy objection was proper.

B

Having concluded that the court properly excluded the evidence regarding M's history as irrelevant, we now turn to the claim that the court's ruling violated the defendant's right to confrontation. "[T]he sixth amendment to the [United States] constitution guarantees the right of an accused in a criminal prosecution to confront the witnesses against him. . . . The primary interest secured by confrontation is the right to cross-examination. . . . This right, however, is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process. . . . The trial court, in its discretion, may

impose limitations on the scope of cross-examination, as long as the defendant has been permitted sufficient cross-examination to satisfy constitutional requirements. . . . The confrontation clause does not . . . suspend the rules of evidence to give the defendant the right to engage in unrestricted cross-examination." (Internal quotation marks omitted.) *State* v. *Liborio A.,* 93 Conn. App. 279, 286, 889 A.2d 821 (2006); *State* v. *Linarte,* 107 Conn. App. 93, 110, 944 A.2d 369 (axiomatic that right to confrontation not absolute and does not suspend rules of evidence to give defendant right to engage in unrestricted cross-examination), cert. denied, 289 Conn. 901, 957 A.2d 873 (2008).

"We traditionally apply a two part analysis to determine whether a party has been deprived of effective cross-examination. First, we determine whether the defendant received the minimum opportunity for cross-examination of adverse witnesses required by the constitution. . . . If so, we then consider whether the trial court's restriction of cross-examination amounted to an abuse of discretion under the rules of evidence." (Internal quotation marks omitted.) *State* v. *Falcon,* 90 Conn. App. 111, 128, 876 A.2d 547, cert. denied, 275 Conn. 926, 883 A.2d 1248 (2005).

In the present case, the defendant's constitutional right to confrontation was not violated by the court's restriction. The defendant's counsel was permitted to question M regarding her initial concern that K had fabricated the allegations against the defendant following the end of M's relationship with the defendant. Additionally, defense counsel inquired whether K had made any prior complaints about the defendant and whether M had any suspicions of possible improper contact between the defendant and K. M conceded during cross-examination that the relationship between K and the defendant seemed "fine" to her. M also stated that she kept an "extra close eye" on K and the defendant and

never saw anything "strange" between them. Last, we note the record does not reveal any testimony that would support the defendant's theory that a prior victim of sexual abuse would have been able to "recognize the signs" in another victim.

We conclude that the defendant's ability to cross-examine M more than satisfied the constitutional standards. The court merely prevented the defendant from delving into one area: M's prior victimization. The court properly ruled that such evidence was not relevant. "If the proffered evidence is not relevant, the defendant's right to confrontation is not affected, and the evidence was properly excluded." *State* v. *Christiano*, 228 Conn. 456, 474, 637 A.2d 382, cert. denied, 513 U.S. 821, 115 S. Ct. 83, 130 L. Ed. 2d 36 (1994); *State* v. *Griffin*, 98 Conn. App. 821, 826, 912 A.2d 520 (2006), cert. denied, 281 Conn. 915, 917 A.2d 999 (2007). Defense counsel was able to present the jury with evidence that M was unaware of any improper conduct by the defendant toward K and that M had been attentive to the defendant's behaviors toward K. We disagree that not allowing questions regarding M's history violated the defendant's constitutional right to confrontation. We conclude, therefore, that this claim fails to satisfy the third prong of *Golding*.

C

The defendant also claims that his right to present a defense was violated by the court's preclusion of the evidence in question. Our prior conclusion that the court properly precluded the evidence on the ground of relevance leads us to decide that the defendant's constitutional right to present a defense was not violated by the court's ruling.

"The sixth amendment to the United States constitution require[s] that criminal defendants be afforded a meaningful opportunity to present a complete defense.

. . . The defendant's sixth amendment right, however, does not require the trial court to forgo completely restraints on the admissibility of evidence. . . . Generally, [a defendant] must comply with established rules of procedure and evidence in exercising his right to present a defense. . . . A defendant, therefore, may introduce only relevant evidence, and, if the proffered evidence is not relevant, its exclusion is proper and the defendant's right is not violated." (Internal quotation marks omitted.) *State* v. *Wright*, 273 Conn. 418, 424–25, 870 A.2d 1039 (2005); *State* v. *Andrews*, 102 Conn. App. 819, 826–27, 927 A.2d 358, cert. denied, 284 Conn. 911, 931 A.2d 932 (2007).

As we concluded in part III A of this opinion, the evidence regarding M's prior victimization was not relevant in the present case. Because it was not relevant, the defendant's constitutional right to present a defense was not affected. See *State* v. *Rodriguez*, 107 Conn. App. 685, 710–11, 946 A.2d 294, cert. denied, 288 Conn. 904, 953 A.2d 650 (2008); *State* v. *Malon*, 96 Conn. App. 59, 74–75, 898 A.2d 843, cert. denied, 280 Conn. 906, 907 A.2d 93 (2006). We conclude, therefore, that the defendant's claim fails under the third prong of *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.