MAX'S PLACE, LLC *v.* DJS REALTY, LLC
(AC 31002)

Bishop, Gruendel and Harper, Js.

Argued April 5—officially released August 24, 2010

*James A. Lenes*, for the appellant (defendant DJS Realty, LLC of Delaware).

*Mark E. Block*, with whom, on the brief, was *Gary W. Huebner*, for the appellee (plaintiff).

*Opinion*

GRUENDEL, J. The defendant DJS Realty, LLC of Delaware,[1] appeals from the judgment of the trial court rendered in favor of the plaintiff, Max's Place, LLC. On appeal, the defendant claims that the court improperly found the restrictive covenant at issue to be null and void. We affirm the judgment of the trial court.

The following facts are necessary for our resolution of the defendant's appeal. The plaintiff owns eleven parcels of property located at the intersection of Route 1 and Spencer Plains Road in Old Saybrook. One particular parcel, known as 16 Spencer Plains Road, is subject to the following restrictive covenant, which was created

---

[1] The plaintiff, Max's Place, LLC, cited in DJS Realty, LLC of Delaware after commencing the action and thereafter withdrew the action as against the defendant DJS Realty, LLC. We therefore refer in this opinion to DJS Realty, LLC of Delaware as the defendant.

by the defendant:[2] "Premises are to be conveyed subject to a restrictive covenant that will run with the land and be binding on Grantee, its successors and assigns and inure to the benefit of Grantor, its successors and assigns, to wit: 'Said Premises shall not be used either by itself, or in conjunction with any other property, for the operation of a grocery store, supermarket or other business selling food for off-premises consumption, nor shall such Premises be used in support, including, but not limited to parking or utilities, of such use on any other property.' " The plaintiff seeks to develop a grocery store anchored shopping center on its collective property.

On August 13, 2007, the plaintiff filed an amended complaint in which it sought a declaratory judgment against the defendant that 16 Spencer Plains Road is not subject to the restrictive covenant. It also requested that the court quiet title as to the property. In its memorandum of decision, filed April 2, 2009, the court rendered judgment in favor of the plaintiff, finding that the covenant was null and void. Specifically, the court determined that it did not fall within the three recognized classes of restrictive covenants. See *Stamford* v. *Vuono*, 108 Conn. 359, 364, 143 A. 245 (1928) ("For our present purposes restrictive covenants of this character may be divided into three general classes: First, when there are mutual covenants in deeds exchanged between owners of adjoining lands; second, when under a general development scheme the owner of property divides it up into building lots to be sold under deeds containing uniform restrictions, and third, where a grantor exacts covenants from his grantee presumptively or actually for the benefit and protection of his

[2] The restriction first appeared in the deed conveying 16 Spencer Plains Road from the defendant to Tiffany Benson, Inc. Tiffany Benson, Inc., subsequently conveyed 16 Spencer Plains Road to Sterling City Properties, LLC. The plaintiff thereafter acquired 16 Spencer Plains Road from Sterling City Properties, LLC.

adjoining land which he retains."). The court also found that the covenant constituted an unreasonable restraint of trade. See *Mattis* v. *Lally*, 138 Conn. 51, 54, 82 A.2d 155 (1951) ("The test of [the] validity [of the covenant] is the reasonableness of the restraint it imposes. . . . To meet this test successfully, the restraint must be limited in its operation with respect to time and place and afford no more than a fair and just protection to the interests of the party in whose favor it is to operate, without unduly interfering with the public interest." [Citations omitted.]). From that judgment, the defendant appeals.

On appeal, the defendant claims that the court improperly found that the restrictive covenant is null and void. First, the defendant challenges the court's finding that the covenant is ambiguous as to whom it is to benefit. Second, the defendant challenges the court's finding that the covenant did not fall within the third class of restrictive covenants described above. Specifically, relying on *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 735 A.2d 798 (1999) (en banc), the defendant contends that it is unnecessary for a grantor subject to a restrictive covenant to own property adjoining or adjacent to property for that covenant to be valid. In *Bolan*, our Supreme Court abandoned the unity of title doctrine for easements, which provided that "[n]o right of way appurtenant can be created without a dominant as well as a servient estate. . . . The way can become legally attached to the dominant estate only if the same person has unity of title to both the way and the dominant estate." (Internal quotation marks omitted.) Id., 143. The defendant asserts that although *Bolan* concerns easements, we should extend its application to restrictive covenants. The defendant further asserts that doing so would cause the covenant in the present case to fall within the third class of restrictive covenants. See *Stamford* v. *Vuono*,

supra, 108 Conn. 364 ("covenants [executed by a grantor] from his grantee presumptively or actually for the benefit and protection of his adjoining land which he retains"). We are not persuaded.[3]

At the outset, we set forth the applicable standard of review. "[T]he determination of the intent behind language in a deed, considered in the light of all the surrounding circumstances, presents a question of law on which our scope of review is plenary. . . . Thus, when faced with a question regarding the construction of language in deeds, the reviewing court does not give the customary deference to the trial court's factual inferences. . . .

"The meaning and effect of the [restrictive covenant] [is] to be determined, not by the actual intent of the parties, but by the intent expressed in the deed, considering all its relevant provisions and reading it in the light of the surrounding circumstances . . . . The primary rule of interpretation of such [restrictive] covenants is to gather the intention of the parties from their words, by reading, not simply a single clause of the agreement but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered when their minds met." (Internal quotation marks omitted.) *DeMorais* v. *Wisniowski*, 81 Conn. App. 595, 608–609, 841 A.2d 226, cert. denied, 268 Conn. 923, 848 A.2d 472 (2004).

"The controlling fact, when discovered, is the expressed intent. Intent unexpressed will be unavailing. In the discovery of the expressed intent there are certain accepted principles of construction to be observed. One is, that the words used are to be taken in their ordinary

---

[3] The defendant does not contend that the court improperly determined that the covenant does not fall within either of the first two categories of restrictive covenants. See *Stamford* v. *Vuono*, supra, 108 Conn. 364.

and popular sense, unless they have acquired a peculiar or special meaning in the particular relation in which they appear, or in respect to the particular subject-matter, or unless it appears from the context that the parties intended to use them in a different sense. . . . Another is, that if the language of a restrictive covenant, when read in the light which the context and surrounding circumstances throw upon it, remains of doubtful meaning, it will be construed against rather than in favor of the covenant. . . . Such covenants being in derogation of the common-law right to use land for all lawful purposes that go with title and possession, they are not to be extended by implication." (Citations omitted.) *Easterbrook* v. *Hebrew Ladies Orphan Society*, 85 Conn. 289, 295–96, 82 A. 561 (1912).

We first consider the defendant's claim that the court improperly found that the covenant was ambiguous as to whom it was to benefit. The court noted that the covenant was ambiguous as to whom it was to benefit when considering both the extension of *Bolan* and whether the covenant constituted an unreasonable restraint of trade. Regarding restraint of trade, the court stated: "With this analysis of time and space limitations in mind, there remains the question of whether the restriction affords to the defendant more than a fair protection of its interests or unduly interferes with the interest of the public. . . . [A] formidable problem exists because there is no clear beneficiary of the restrictive covenant." Regarding the extension of *Bolan*, the court stated: "Nevertheless, even if this court assumes that the reasoning of *Bolan* extends to restrictive covenants, it would not apply to the restriction in this case because the deed and surrounding circumstances are so ambiguous as to whom the restriction is to benefit." Although the defendant in oral argument before us challenged the court's finding that the covenant was ambiguous as to whom it was to benefit, it is

unclear whether the defendant had in mind the court's finding with regard to the extension of *Bolan* or restraint of trade. If the defendant was challenging the court's finding with respect to restraint of trade, we note that the defendant raised this claim for the first time at oral argument. "Appellate courts generally do not consider claims raised for the first time at oral argument." *State* v. *Marcelino S.*, 118 Conn. App. 589, 592 n.4, 984 A.2d 1148 (2009), cert. denied, 295 Conn. 904, 988 A.2d 879 (2010). If the defendant was challenging the court's finding with respect to the extension of *Bolan*, which the defendant also challenges in its brief, we do not address that contention as a result of our conclusion that *Bolan* does not extend to restrictive covenants, discussion of which follows.

We next consider the defendant's challenge to the court's finding that the covenant did not fall within the third class of restrictive covenants. The defendant asks us to extend the application of *Bolan* from easements to restrictive covenants so that in the latter, the grantor need not own property adjoining or adjacent to property subject to a restrictive covenant for that covenant to be valid. According to the defendant, extending *Bolan* to restrictive covenants would cause the covenant in the present case to fall within the third class of restrictive covenants. We conclude that the defendant's request instead implicitly asks us to overrule *Stamford* v. *Vuono*, supra, 108 Conn. 359, in which our Supreme Court recognized three classes of restrictive covenants.[4] See id., 364. Specifically, extending *Bolan* as the defendant requests would essentially eliminate the third class of restrictive covenants ("covenants [executed by a

---

[4] This court has followed the three classes of restrictive covenants recognized in *Stamford* v. *Vuono*, supra, 108 Conn. 359. See *Shippan Point Assn., Inc.* v. *McManus*, 34 Conn. App. 209, 212–13, 641 A.2d 144, cert. denied, 229 Conn. 923, 642 A.2d 1215 (1994); *Contegni* v. *Payne*, 18 Conn. App. 47, 51, 557 A.2d 122, cert. denied, 211 Conn. 806, 559 A.2d 1140 (1989).

grantor] from his grantee presumptively or actually for the benefit and protection of his adjoining land which he retains"; id.). "As an intermediate appellate court, we must follow the precedent of our Supreme Court along the path which our considered reading of that precedent lays out for us." *Burton* v. *Planning Commission*, 13 Conn. App. 400, 409, 536 A.2d 995 (1988), aff'd, 209 Conn. 609, 553 A.2d 161 (1989). In light of *Stamford* and its progeny, we reject the defendant's request.

Additionally, the court stated that the covenant did not fall within the third class because "[w]ithout the retention of any adjoining land by the defendant there can be no presumption that the intent of the covenant was to benefit any adjoining land." We agree with the court's assessment. Although the defendant contends that there is no evidence that it did not own property adjoining or adjacent to 16 Spencer Plains Road, we conclude that, on the basis of its assertion that *Bolan* should extend to restrictive covenants and on its statement in its brief that "[t]he defendant's *possible* ownership of property adjacent to [16 Spencer Plains Road] makes the covenant presumptively enforceable"; (emphasis added); the defendant has conceded that it owns no such property. Accordingly, we further conclude that the covenant was not executed by a grantor from his grantee presumptively or actually for the benefit and protection of his adjoining land that he retains, and, as such, does not fall within the third class of restrictive covenants.[5]

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] On appeal, the defendant also challenges the admission into evidence of a certain deposition transcript. Because we conclude that the covenant is null and void without relying on that deposition transcript, we do not address this issue.