******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.*
JAMES J. CICARELLA
(AC 42788)

Prescott, Moll and Alexander, Js.

*Syllabus*

Convicted, on a conditional plea of nolo contendere, of the crime of larceny
in the first degree, the defendant appealed to this court. He claimed
that the trial court improperly denied his motion to dismiss, which
alleged that the prosecution had been instituted improperly. *Held* that,
because the defendant failed to challenge all of the court's independent
bases for denying his motion to dismiss, the court was unable to provide
the defendant with any practical relief and, therefore, the appeal was
moot and the court was without subject matter jurisdiction; accordingly,
the appeal was dismissed.

Argued January 19—officially released April 13, 2021

*Procedural History*

Information charging the defendant with the crime
of larceny in the first degree, brought to the Superior
Court in the judicial district of New Haven, geographical
area number twenty-three, where the court, *Alander,
J.*, denied the defendant's motion to dismiss; thereafter,
the defendant was presented to the court, *Clifford, J.*,
on a conditional plea of nolo contendere; judgment of
conviction in accordance with the plea, from which the
defendant appealed to this court. *Appeal dismissed.*

*David V. DeRosa*, for the appellant (defendant).

*Timothy J. Sugrue*, assistant state's attorney, with
whom, on the brief, were *Patrick J. Griffin*, state's
attorney, and *Michael R. Denison*, assistant state's
attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, James J. Cicarella, appeals from the judgment of conviction rendered by the trial court following his conditional plea of nolo contendere[1] to larceny in the first degree in violation of General Statutes § 53a-122 (a) (2). On appeal, the defendant claims that the court improperly denied his motion to dismiss filed pursuant to Practice Book § 41-8 (1)[2] in which he claimed that the Madison Police Department did not have jurisdiction to investigate and arrest him because the alleged crime occurred in Wallingford. The state disagrees and, in addition, contends that the appeal is moot. The state argues that the defendant failed to challenge all of the bases for denying the motion set forth in the court's memorandum of decision. We agree with the state, and, because we cannot afford the defendant any practical relief, we dismiss his appeal as moot.

The following facts, as set forth in the trial court's memorandum of decision, and procedural history are necessary for the resolution of this appeal. In an affidavit attached to an application for an arrest warrant, Christopher Sudock, a Madison police officer, asserted that the defendant, a resident of Madison, participated in a fraudulent scheme resulting in the theft of $578,466 from the victim, Dorothy Minervino. Specifically, the defendant, who had performed maintenance at the victim's residence in Wallingford, falsely informed her that he had been diagnosed with a life-threatening illness. At the defendant's request, the victim agreed to give the defendant money to pay for his medical insurance and purported medical procedures. The victim deposited $535,000 into a joint bank account that she had opened with the defendant, with the understanding that the money would be used for these medical expenses. She also deposited $43,000 into the defendant's personal account for that same purpose.

Sudock's affidavit further alleged that the defendant withdrew funds from these accounts and falsely represented to the victim that the money had been used for his medical expenses. The defendant instead used the money to purchase, inter alia, a house in Madison. The defendant was charged with larceny in the first degree, and an arrest warrant was issued on August 1, 2016.

On December 17, 2018, the defendant moved to dismiss the information, arguing that the prosecution had been instituted improperly. The defendant claimed that "the crime(s) alleged in the warrant submitted by the Madison Police Department and the state's long form information were committed in another jurisdiction, Wallingford. Consequently, the defendant was not properly under the jurisdiction of the Madison Police Department inasmuch as no crime has been alleged to have been committed in Madison and as a result, the court

does not have jurisdiction." The state countered that larceny constituted a continuing crime and that the subsequent involvement of, and the steps taken by, the state's attorney's office rendered the arrest and prosecution of the defendant proper.

The court, *Alander, J.*, held a hearing on January 8, 2019, and issued a memorandum of decision two days later. In denying the defendant's motion to dismiss, the court set forth two bases for its decision. First, the court, citing *State* v. *Benson*, 153 Conn. 209, 218, 214 A.2d 903 (1965), agreed with the state's argument that larceny constituted a continuing crime and rejected the defendant's efforts to draw a distinction between the theft of physical property and that of money. Second, citing *State* v. *Fleming*, 198 Conn. 255, 262–63, 502 A.2d 886, cert. denied, 475 U.S. 1143, 106 S. Ct. 1797, 90 L. Ed. 2d 342 (1986), the court determined that "[a]ny investigation by the Madison police of a crime committed outside their municipality does not invalidate the defendant's prosecution."

On January 16, 2019, the defendant entered a conditional plea of nolo contendere to the charge of larceny in the first degree, which the court, *Clifford, J.*, accepted. Pursuant to General Statutes § 54-94a, the court concluded that a ruling in the defendant's favor on the motion to dismiss would be dispositive of the case. See generally *State* v. *Cervantes*, 172 Conn. App. 74, 78, 158 A.3d 430, cert. denied, 325 Conn. 927, 169 A.3d 231 (2017). On April 2, 2019, the court imposed a sentence of twelve years of incarceration, execution suspended after six years, and five years of probation. This appeal followed.

On appeal, the defendant claims that the court improperly denied his motion to dismiss the information charging him with the crime of larceny in the first degree. In support of this claim, he first contends that the municipal police generally may operate only within "their territorial jurisdiction." The defendant then argues that the court improperly concluded that the larceny of money, as compared to that of "physical personal property," constituted a continuing crime.[3] As a second argument, the defendant maintains that "[t]he Wallingford police and not the Madison police are the only authority that have the power to arrest the defendant." Finally, his brief concludes with various policy arguments as to why we should reverse the decision of the trial court denying his motion to dismiss.

Absent from the defendant's appellate brief, however, is a challenge to the second basis relied on by the trial court in denying the motion to dismiss, namely, that, pursuant to *State* v. *Fleming*, supra, 198 Conn. 255, an illegal arrest does not invalidate his prosecution and subsequent conviction. In *Fleming*, our Supreme Court stated: "The relationship between an illegal arrest and a subsequent prosecution under federal constitutional

law is well settled. In an unbroken line of cases dating back to 1886, the federal rule has been that an illegal arrest will not bar a subsequent prosecution or void a resulting conviction." Id., 259; see also *State* v. *Johnson*, 227 Conn. 534, 539–40, 630 A.2d 1059 (1993); *State* v. *Bagnaschi*, 180 Conn. App. 835, 857, 184 A.3d 1234, cert. denied, 329 Conn. 912, 186 A.3d 1170 (2018).[4] The defendant's failure to challenge this independent basis for the denial of his motion to dismiss renders his appeal moot, as we cannot afford him any practical relief.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . The fundamental principles underpinning the mootness doctrine are well settled. We begin with the four part test for justiciability . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by the judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . .

"[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . .

"Where an appellant fails to challenge all bases for a trial court's adverse ruling on his claim, even if this court were to agree with the appellant on the issues that he does raise, we still would not be able to provide [him] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims. . . . Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Lester*, 324 Conn. 519, 526–27, 153 A.3d 647 (2017); see also *Sobel* v. *Commissioner of Revenue Services*, 333 Conn. 712, 716–17, 218 A.3d 581 (2019); *In re Phoenix A.*, 202 Conn. App. 827, 838–40, A.3d (2021); *State* v. *Carter*, 194 Conn. App. 202, 206–208, 220 A.3d 882 (2019); *State* v. *Holley*, 174 Conn. App. 488, 503–507, 167 A.3d 1000, cert. denied, 327 Conn. 907, 170 A.3d 3 (2017), cert. denied, U.S. , 138 S. Ct. 1012, 200 L. Ed. 2d 275 (2018).

Here, the defendant failed to challenge the court's independent basis for denying his motion to dismiss that, pursuant to *State* v. *Fleming*, supra, 198 Conn. 255, an illegal arrest does not invalidate his prosecution

and subsequent conviction.[5] In his brief, the defendant first argued that the court erred in its finding that the Madison Police Department had the authority to investigate this crime and in its determination that larceny of money, as opposed to larceny of physical property, is a continuing crime such that each municipality where the money is spent has jurisdiction to arrest the defendant. Second, he contended that, even if the investigation by the Madison Police Department was proper, the correct course of action was to dismiss the case and, "if the [state's] attorney in coordination with [the] Wallingford Police Department [commences] a new case and it is within the statute of limitations, then proceed on the new arrest." Accordingly, as a result of the defendant's failure to challenge all of the court's bases for denying his motion to dismiss, we cannot afford him any practical relief, rendering this appeal moot and leaving this court without subject matter jurisdiction.

The appeal is dismissed.

[1] General Statutes § 54-94a provides in relevant part: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's . . . motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such . . . motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied . . . the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2] Practice Book § 41-8 provides in relevant part: "The following defenses or objections, if capable of determination without a trial of the general issue, shall, if made prior to trial, be raised by a motion to dismiss the information: (1) Defects in the institution of the prosecution . . . ."

[3] Specifically, the defendant set forth the following: "There is, however, a meaningful distinction in larceny by false pretenses with regards to money and larceny of personal property as to the impact that [the crime] has on [municipal] power and jurisdiction as defined by the Connecticut legislature. First, the whole concept of the municipal police jurisdiction as set forth in statute would suddenly be meaningless when money is involved because a complainant could trace any place where the funds were spent by [the person alleged to have committed the larceny], and convince that police department that . . . he should be arrested and incarcerated for a larceny."

[4] In *State* v. *Ostroski*, 201 Conn. 534, 555, 518 A.2d 915 (1986), our Supreme Court noted: "We specifically excluded from our holding [in *State* v. *Fleming*, supra, 198 Conn. 262–63] . . . cases . . . where the fairness of the defendant's trial is compromised by the circumstances of his arrest. . . . [A]n illegal arrest may impair the fairness of a subsequent prosecution only where evidence obtained as a direct consequence of that arrest is admitted against the defendant at trial." (Citation omitted; internal quotation marks omitted.) See also *State* v. *Ryerson*, 201 Conn. 333, 338, 514 A.2d 337 (1986). This exception to the rule established in *State* v. *Fleming*, supra, 262–63, does not apply in the present case.

[5] At oral argument before this court, the defendant claimed, for the first time, that the trial court's reliance on *State* v. *Fleming*, supra, 198 Conn. App. 255, was misplaced. "Appellate courts generally do not consider claims raised for the first time at oral argument. See *State* v. *Wright*, 197 Conn. 588, 595, 500 A.2d 547 (1985); see also *State* v. *Holmes*, 70 Conn. App. 4, 5 n.2, 796 A.2d 561 (2002)." *State* v. *Marcelino S.*, 118 Conn. App. 589, 592 n.4, 984 A.2d 1148 (2009), cert. denied, 295 Conn. 904, 988 A.2d 879 (2010); see also *State* v. *Butler*, 296 Conn. 62, 70 n.10, 993 A.2d 970 (2010) (appellate claims must be briefed adequately and cannot be raised for first time at oral argument).