******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* EDWARD LESTER
(SC 19183)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.

*Argued November 9, 2016—officially released January 17, 2017*

*Michael S. Taylor*, assigned counsel, with whom were *Matthew C. Eagan*, assigned counsel, and, on the brief, *James P. Sexton*, assigned counsel, for the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Matthew C. Gedansky*, state's attorney, and *Elizabeth C. Leaming*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ROGERS, C. J. In this case, we are asked to decide whether the trial court improperly excluded evidence of the victim's[1] prior sexual assault allegation and the subsequent investigation when it was offered by the defendant, Edward Lester, to show the victim's lack of credibility and an alternative source of the victim's advanced sexual knowledge. The defendant was charged with two counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (2), three counts of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (a), and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2), based on allegations that on multiple occasions he sexually assaulted his girlfriend's daughter, who was eight years old at the time of the alleged conduct. During the course of the trial, the trial court granted the state's motion in limine to exclude evidence of the victim's prior sexual conduct, including a prior allegation of sexual abuse made by the victim, when she was five years old, against her father's then wife. The jury found the defendant guilty on all counts and the trial court thereafter rendered judgment in accordance with the verdict. See footnote 3 of this opinion. The defendant appeals to this court, claiming that the trial court improperly excluded evidence of the prior allegation and subsequent investigation. We dismiss the defendant's appeal as moot because the defendant has not challenged all of the trial court's bases for its evidentiary ruling.

The jury reasonably could have found the following facts. During the victim's third grade school year, the victim lived with her father, stepmother, stepbrother and stepsister. The victim would visit with her mother on the weekends and on days when she was not in school. At that time, the victim's mother was living in an apartment with the defendant, who was her boyfriend. On six occasions when the victim was visiting her mother, while her mother was in the shower or otherwise not present, the defendant sexually assaulted the victim.

The following additional facts and procedural history, found in the record, are relevant to this appeal. Prior to trial, the state filed a motion in limine to exclude evidence of any alleged sexual abuse of the victim by third parties pursuant to General Statutes (Rev. to 2011) § 54-86f (4)[2] (rape shield statute). The state filed this motion because the defendant's investigator had authored reports indicating that the victim may have been sexually assaulted by individuals other than the defendant.

At trial, the defendant's theory of the case was that the victim had made a false allegation against him because she was unhappy that her mother was pregnant

with the defendant's child and the victim disliked the defendant because he was black. In furtherance of this theory, the defendant sought to elicit testimony that when the victim was five years old, she had made a false allegation of inappropriate touching against her father's then wife. The defendant claimed that this false allegation was relevant to the victim's credibility. He further claimed that the investigation of the previous false allegation was an independent source of advanced sexual knowledge for the victim.

The state opposed admission of the evidence on the grounds that: (1) the defendant had not established that the prior allegation was false in order to allow the evidence to be admitted under the rape shield statute; (2) the evidence was inadmissible under § 6-6 (b) (2) of the Connecticut Code of Evidence, which prohibits the use of extrinsic evidence to attack a witness' credibility; (3) the prior allegation was too remote in time; and (4) it would create a collateral issue because the evidence of the prior allegation was too tenuous.

After an evidentiary hearing, the trial court orally granted the state's motion in limine to exclude evidence of the victim's prior sexual conduct stating: "I'm going to grant the state's motion [in limine], and I'm going to tell you why. There is a strange tension between the fourth subsection of the rape shield [statute] and the [Connecticut Code of Evidence] as well as the common law of evidence. It is almost ironic that the rape shield [statute] is cited in an attempt to get in evidence that is otherwise inadmissible . . . . Now, among the court's reasons for granting the state's motion in limine are, number one, the defense has not provided, was unable to provide credible evidence that [the victim's] complaint about her [father's former wife] was not true. . . . The complaint was remote—five years ago . . . and that five years, by the way, is one-half of her total life. . . . [T]here is a particular difference with a child. We assume that adult sexual assault victims have certain knowledge that we assume that five year olds don't have.

"Now, some of the cases rely on previous assaults on children to establish their basis of knowledge. Here what [the victim] complained of was simply bad touch against [her father's former wife]. . . . That knowledge is really very, very basic and would not have given [the victim] a clue really as to the acts allegedly perpetrated on her by the defendant, which were of a different degree, a different degree of severity, a different degree of penetration, different body parts used by the defendant that's alleged, and would not have provided— whether it happened or [the victim] was merely reciting something that schoolchildren are taught about good touch/bad touch, what makes you feel sad, pales in significance with what the defendant has alleged to have done here, and would not have provided an ade-

quate basis of knowledge for [the victim] at age eight to make these very detailed claims.

"And finally, should the court allow this evidence in, there would be an opportunity for confusion of the jury, and there would be most likely a minimum of eight witnesses, which would be not only a trial within a trial, it would be a second trial. . . . [T]herefore, for all the aforementioned reasons, the state's motion is granted." (Citation omitted.)

The jury found the defendant guilty on all counts.[3] Subsequently, the trial court sentenced the defendant to a total effective sentence of forty-five years of incarceration followed by five years of special parole and lifetime sex offender registration. This appeal followed.

The defendant asserts that the trial court improperly excluded evidence that the victim made a prior false allegation of sexual assault against her father's then wife because in determining whether the prior false allegation was admissible under the rape shield statute, the trial court, rather than the jury, determined that the evidence of falseness was not credible. He further claims that the trial court improperly excluded evidence of the prior investigation because the rape shield statute does not apply to evidence of a prior investigation when the investigation itself is being offered to show an alternative source of advanced sexual knowledge.

The state asserts that the defendant's claims are not reviewable by this court because the defendant has not challenged all of the grounds relied upon by the trial court in its evidentiary ruling. Specifically, according to the state, in addition to finding the evidence of falseness not credible, the trial court also relied upon the remoteness in time of the prior accusation and the confusion that admission of the evidence would cause for the jury. The state further asserts that the defendant's claim that the prior investigation should have been admissible to show an alternative source of advanced sexual knowledge for the victim is not reviewable because it was not distinctly raised at trial, where the defendant focused his argument on the prior allegation. The state advocates that even if the defendant's claims are reviewable, the trial court properly applied the rape shield statute to both the prior allegation and the prior investigation, and properly excluded the evidence because it was irrelevant.

In his reply brief, the defendant claims that the trial court did not rely on multiple independent grounds for excluding evidence of the prior allegation and investigation, but, instead, described factors that the court found were relevant to its application of the rape shield statute. The defendant claims that he has fully challenged the trial court's application of the rape shield statute and, therefore, his claim is not moot and is reviewable by this court. We disagree and, therefore, dismiss this

appeal as moot.[4]

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . *Putman* v. *Kennedy*, 279 Conn. 162, 168, 900 A.2d 1256 (2006); see also *State* v. *McElveen*, 261 Conn. 198, 204, 802 A.2d 74 (2002); *In re William D.*, 97 Conn. App. 600, 603, 905 A.2d 696 (2006), aff'd, 284 Conn. 305, 933 A.2d 1147 (2007)." (Internal quotation marks omitted.) *Lyon* v. *Jones*, 291 Conn. 384, 392, 968 A.2d 416 (2009).

"The fundamental principles underpinning the mootness doctrine are well settled. We begin with the four part test for justiciability established in *State* v. *Nardini*, 187 Conn. 109, 445 A.2d 304 (1982). . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by the judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . . Id., 111–12." (Internal quotation marks omitted.) *Lyon* v. *Jones*, supra, 291 Conn. 393.

"[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from *the determination of which no practical relief can follow*. . . . *Ayala* v. *Smith*, 236 Conn. 89, 93, 671 A.2d 345 (1996). In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. *Hechtman* v. *Savitsky*, 62 Conn. App. 654, 659, 772 A.2d 673 (2001)." (Emphasis in original; internal quotation marks omitted.) *Lyon* v. *Jones*, supra, 291 Conn. 394.

Where an appellant fails to challenge all bases for a trial court's adverse ruling on his claim, even if this court were to agree with the appellant on the issues that he does raise, "we still would not be able to provide [him] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims." Id., 395. Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot. Id.; see also *Nationwide Mutual Ins. Co.* v. *Pasiak*, 161 Conn. App. 86, 89 n.2, 127 A.3d 346 (2015) ("[if] alternat[ive] grounds . . . unchallenged on appeal would support the trial court's judgment, independent of some challenged ground, the challenged ground that forms the basis of the appeal is moot because the court on appeal could grant no practical relief to the complainant" [internal quotation marks omitted]).

In the present case, the trial court granted the state's

motion in limine to exclude evidence of the victim's prior allegation, and related investigation, on the grounds that: it was not admissible under the rape shield statute because the defendant had not provided credible evidence that it was false; it was remote in time; it was dissimilar from the victim's allegation against the defendant; and it was a collateral issue that would confuse the jury. The defendant claims that the trial court considered the latter three grounds only in conjunction with the application of the rape shield statute and not as independent grounds for excluding the evidence. We disagree. Regardless of whether those considerations were pertinent to the application of the rape shield statute, they also weighed into the court's determination of whether the evidence was relevant and, further, whether any relevance was outweighed by the danger of confusion of the issues or misleading the jury.[5] In fact, the state, in its argument on the motion in limine, which it made immediately prior to the court's oral ruling, addressed the issue of whether the evidence would raise a collateral issue separately from its claim that its admission would be a violation of the rape shield statute. Accordingly, the court was responding to separate and distinct evidentiary objections. Because there are independent bases for the trial court's exclusion of the evidence of the prior allegation and investigation that the defendant has not challenged in this appeal, even if this court were to find that the trial court improperly applied the rape shield statute, we could grant no practical relief to the defendant. Therefore, the defendant's claims are moot and this court lacks subject matter jurisdiction.

This appeal is dismissed.

In this opinion the other justices concurred.

[1] In accordance with our policy of protecting the privacy interests of the victims of sexual assault, we decline to identify the victim or others through whom the victim's identity may be ascertained. General Statutes (Supp. 2016) § 54-86e.

[2] General Statutes (Rev. to 2011) § 54-86f provides in relevant part: "In any prosecution for sexual assault under sections 53a-70, 53a-70a, and 53a-71 to 53a-73a, inclusive, no evidence of the sexual conduct of the victim may be admissible unless such evidence is . . . (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. . . . If the proceeding is a trial with a jury, such hearing shall be held in the absence of the jury. If, after hearing, the court finds that the evidence meets the requirements of this section and that the probative value of the evidence outweighs its prejudicial effect on the victim, the court may grant the motion. . . ."

[3] After the jury's verdict, the defendant pleaded guilty to a charge of being a persistent serious sexual offender pursuant to General Statutes § 53a-40 (d), which the state had charged in a separate part B information. The trial court conducted the sentencing hearing for both the guilty verdict from the jury trial and the guilty plea on the part B information at the same time.

[4] Because we dismiss this appeal as moot, we do not address the parties' other claims.

[5] Section 4-3 of the Connecticut Code of Evidence provides: "Relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presenta-

tion of cumulative evidence."

_____