******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WINDSOR FEDERAL SAVINGS AND LOAN ASSOCIATION *v*. RELIABLE MECHANICAL CONTRACTORS, LLC, ET AL.
## (AC 38896)

DiPentima, C. J., and Sheldon and Bear, Js.

*Syllabus*

The plaintiff bank, in 2009, brought this breach of contract action against the defendant R Co. in connection with R Co.'s default on a promissory note it had executed and delivered to the plaintiff, and against the defendant E, the sole owner and operator of R Co., whom the plaintiff claimed had executed and delivered to the plaintiff a commercial guarantee as security for the note. After the defendants were defaulted for failure to plead and to disclose assets, the trial court granted R Co.'s motions to open the defaults, and the defendants filed an answer and a special defense, in which they claimed that the plaintiff had fraudulently induced them to enter into the agreement and that E had never personally guaranteed the loan, and a counterclaim alleging, inter alia, fraud. Thereafter, the complaint was withdrawn as to E. The trial court granted the plaintiff's motion for summary judgment on the complaint as to liability only with respect to R Co., and the plaintiff's motion to dismiss the counterclaim as to R Co. Subsequently, at a hearing in damages, the trial court declined E's request to present evidence on behalf of R Co. in light of a previous denial of his request to be made a party defendant. Thereafter, the trial court granted the plaintiff's motion for judgment against R Co. and rendered judgment thereon, from which R Co. and E appealed to this court. *Held*:

1. Because the plaintiff withdrew its claims against E in May, 2011, and E was no longer a defendant to the plaintiff's complaint when the trial court rendered its final judgment for R Co. on the complaint in February, 2016, E was not aggrieved by that judgment and, therefore, had no standing to appeal from it; moreover, because the judgment of the trial court dismissing the defendants' counterclaim pertained to R Co. only, there was no final judgment on the counterclaim with respect to E, and, therefore, this court lacked jurisdiction over the portion of E's appeal that challenged the trial court's dismissal of the counterclaim.

2. The trial court improperly granted the plaintiff's motion for summary judgment as against R Co., R Co. having raised a genuine issue of material fact as to whether the guarantee was signed by E; in response to the plaintiff's motion for summary judgment, R Co. submitted an affidavit executed by E in which he denied signing the guarantee, as well as portions of the transcript of E's deposition in which E disputed the plaintiff's contention that he had signed the guarantee, and the trial court improperly resolved that contested fact when it found that R Co. had presented no credible opposition to the motion for summary judgment.

3. R Co. could not prevail on its claim that the trial court improperly dismissed its counterclaim on the ground that it was barred by the statute of limitations; because, in addition to finding that the counterclaim was barred by the statute of limitations, the trial court also dismissed the counterclaim on the ground of lack of standing by R Co., which R Co. did not challenge on appeal, there still existed an unchallenged ground on which the trial court based its judgment, and, therefore, there was no practical relief that could be afforded R Co. on its statute of limitations claim, and its appeal challenging the dismissal of its counterclaim was dismissed as moot.

Argued April 13—officially released August 22, 2017

*Procedural History*

Action to recover damages for breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Gra-*

*ham*, *J.*, granted the plaintiff's application for a prejudgment remedy; thereafter, the defendants were defaulted for failure to plead; subsequently, the complaint was withdrawn as to the defendant Elijah El-Hajj-Bey; thereafter, the court, *Graham, J.*, granted the named defendant's motion to open the default judgment; subsequently, the named defendant was defaulted for failure to disclose assets; thereafter, the court, *Graham, J.*, granted the plaintiff's motion to cite in Elijah El-Hajj-Bey as a defendant; subsequently, the court, *Graham, J.*, granted the named defendant's motion to open the default judgment; thereafter, the defendants filed counterclaims; subsequently, the complaint was withdrawn as to the defendant Elijah El-Hajj-Bey; thereafter, the court, *Hon. Richard M. Rittenband*, judge trial referee, granted the plaintiff's motion for summary judgment on the complaint as to liability only, and granted the plaintiff's motion to dismiss the counterclaims; subsequently, Elijah El-Hajj-Bey appealed to this court, which dismissed the appeal; thereafter, the court, *Sheridan, J.*, denied the motion to be made a party defendant filed by Elijah El-Hajj-Bey, and Elijah El-Hajj-Bey appealed to this court, which dismissed the appeal; subsequently, following a hearing in damages, the court, *Elgo, J.*, granted the plaintiff's motion for judgment and rendered judgment theron, from which the named defendant and Ellijah El-Hajj-Bey appealed to this court. *Appeal dismissed in part*; *reversed*; *further proceedings*.

*John R. Williams*, for the appellants (named defendant and et. al.).

*Deborah L. Dorio*, for the appellee (plaintiff).

*Opinion*

SHELDON, J. The defendants, Reliable Mechanical Contractors, LLC (Reliable Mechanical), and its sole member, Elijah El-Hajj-Bey, appeal from the summary judgment rendered in favor of the plaintiff, Windsor Federal Savings and Loan Association, on its collection claim, and from the judgment of dismissal of their counterclaims. As to the summary judgment, the defendants claim that the plaintiff failed to prove the nonexistence of any genuine issue of material fact and that it was thus entitled to judgment on its complaint as a matter of law.[1] As to the dismissal of the counterclaims, the defendants argue that the court erred in concluding that their counterclaims were barred by the three year statute of limitations. Because El-Hajj-Bey was not a party to the underlying action at the time final judgment was rendered on the plaintiff's complaint, he does not have standing to appeal from that judgment. Accordingly, we dismiss El-Hajj-Bey's appeal from the summary judgment. As to the dismissal of the counterclaims, that judgment applied only to Reliable Mechanical's counterclaims, not to those advanced by El-Hajj-Bey. There is thus no final judgment on El-Hajj-Bey's counterclaims from which to appeal, and, accordingly, we dismiss El-Hajj-Bey's appeal from the judgment of dismissal as to those counterclaims. We reverse the summary judgment ordered by the trial court against Reliable Mechanical and dismiss as moot the appeal from the judgment of dismissal of its counterclaims.

The following factual and procedural history, as gleaned from the pleadings filed by the parties, is relevant to our consideration of the issues raised on appeal. In May, 2005, Reliable Mechanical executed and delivered to the plaintiff a promissory note in the amount of $25,000. As security for the note, El-Hajj-Bey, the sole owner and operator of Reliable Mechanical, purportedly executed and delivered to the plaintiff a commercial guarantee. Reliable Mechanical subsequently defaulted on the note, and in 2009, the plaintiff commenced the present action against Reliable Mechanical and El-Hajj-Bey, seeking money damages, interest, reasonable attorney's fees, and costs of suit.

On April 25, 2011, El-Hajj-Bey filed an affidavit with the trial court indicating that he had filed for bankruptcy. Consequently, on May 11, 2011, the plaintiff withdrew its complaint as to El-Hajj-Bey. On August 18, 2011, however, following the dismissal of El-Hajj-Bey's bankruptcy petition, the plaintiff successfully moved to cite in El-Hajj-Bey as an additional party. On September 6, 2011, the plaintiff served El-Hajj-Bey with an amended complaint.

On December 5, 2011, the defendants filed an answer and a special defense, claiming that the plaintiff had fraudulently induced them to enter into the agreement,

in violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, et seq. (CUTPA), and that El-Hajj Bey had never personally guaranteed the loan in question. They also asserted two counterclaims. In the first counterclaim, alleging fraud, the defendants asserted that the plaintiff had offered them help to finance the expansion of their business, then fraudulently induced them to purchase a property, owned by one of the plaintiff's officers, which turned out not to be zoned for the type of business in which the defendants were engaged, ultimately causing them to suffer various economic losses, including the foreclosure of that property. In their second counterclaim, based upon the same factual allegations, they claimed that the plaintiff, by its actions, had violated CUTPA.

On May 23, 2014, the plaintiff filed a motion for summary judgment as to liability only. The defendants filed an objection to the motion for summary judgment claiming, inter alia, that El-Hajj-Bey's signature on an unrelated document had been transposed in some manner onto the subject note and that the funds they allegedly had borrowed had never been received.

On May 30, 2014, the plaintiff filed a motion to dismiss the defendants' counterclaims on the grounds that the defendants lacked standing to bring said counterclaims and, alternatively, that those claims were barred by the statute of limitations.[2] After El-Hajj-Bey filed for bankruptcy two more times, the plaintiff withdrew its complaint against him individually on October 20, 2014.

On November 3, 2014, the trial court, *Hon. Richard M. Rittenband*, judge trial referee, held a hearing on the plaintiff's motion for summary judgment and its motion to dismiss the defendants' counterclaims. The trial court granted both motions from the bench. The court granted the plaintiff's motion for summary judgment as to liability, finding that there had been "no credible opposition" to the motion. The trial court later clarified that summary judgment as to liability had been rendered as to the $25,000 loan in dispute only. In addition, the court granted the plaintiff's motion to dismiss the defendants' counterclaims, finding that the the defendants did not have standing to bring those counterclaims because they referred to other property not at issue in the plaintiff's complaint and they were barred by the statute of limitations. The court later filed an articulation stating that the dismissal applied only to Reliable Mechanical's counterclaims.

On October 2, 2015, the plaintiff moved for judgment against Reliable Mechanical. Thereafter, on October 9, 2015, the trial court, *Elgo, J.*, held a hearing in damages, at which time El-Hajj-Bey appeared and attempted to present evidence on behalf of Reliable Mechanical, again seeking to prove, inter alia, that he had not signed the subject note. The court, however, declined his request, stating that, in light of the court's order denying

his most recent motion to be made a party defendant, he "[did] not have a right to be heard" at the hearing in damages, which was proceeding only against Reliable Mechanical. On February 10, 2016, the trial court rendered a judgment against Reliable Mechanical, in the amount of $30,382.23, plus attorney's fees of $22,800.00 and costs of $1147.60. This appeal followed.

I

The defendants claim that the trial court erred in granting the plaintiff's motion for summary judgment because the plaintiff failed to prove the nonexistence of a genuine issue of material fact. Specifically, the defendants argue that a genuine issue remained as to whether El-Hajj-Bey had signed the Reliable Mechanical note and his guarantee[3] at issue in this case, and thus that the plaintiff was not entitled to judgment as a matter of law. We agree.

Before addressing the merits of the defendants' challenge to summary judgment, we must address the threshold issue of whether El-Hajj-Bey has standing to challenge that judgment on appeal. General Statutes § 52-263 provides, in relevant part: "Upon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, *if either party* is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment of the court or of such judge . . . ." (Emphasis added.) "On its face, the statute explicitly sets out three criteria that must be met in order to establish subject matter jurisdiction for appellate review: (1) the appellant must be a party; (2) the appellant must be aggrieved by the trial court's decision; and (3) the appeal must be taken from a final judgment." *State* v. *Salmon*, 250 Conn. 147, 153, 735 A.2d 333 (1999).

Here, the plaintiff withdrew its claims against El-Hajj-Bey on October 20, 2014. El-Hajj-Bey, therefore, was no longer a defendant to the plaintiff's complaint when the trial court rendered its final judgment thereon in February, 2016. Because he was not a defendant to the plaintiff's complaint when the final judgment was rendered, he is not aggrieved by the judgment, and thus has no standing to appeal from it.

We now turn to Reliable Mechanical's challenge to the summary judgment. "In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold

the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . [I]t is only [o]nce [the] [movant's] burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the opposing party] to show that a genuine issue of fact exists justifying a trial." (Citation omitted; internal quotation marks omitted.) *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 319–20, 77 A.3d 726 (2013).

"In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact . . . but rather to determine whether any such issues exist." (Internal quotation marks omitted.) *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 233, 32 A.3d 307 (2011), overruled on other grounds by *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 71 A.3d 492 (2013). "[I]ssue-finding, rather than issue-determination, is the key to the procedure." (Internal quotation marks omitted.) *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 222, 131 A.3d 771 (2016). In summary judgment, the court's role is not to weigh the credibility of the parties, which falls within the province of the finder of fact. See *Suarez* v. *Dickmont Plastics Corp.*, 229 Conn. 99, 107, 639 A.2d 507 (1994). "When a court, in ruling on a motion for summary judgment, is confronted with conflicting facts, resolution and interpretation of which would require determinations of credibility, summary judgment is not appropriate." *Straw Pond Associates, LLC* v. *Fitzpatrick, Mariano & Santos, P.C.*, 167 Conn. App. 691, 710, 145 A.3d 292, cert. denied, 323 Conn. 930, 150 A.3d 231 (2016). The scope of our review of the trial court's decision to grant or to deny a party's motion for summary judgment is plenary. *Romprey* v. *Safeco Ins. Co. of America*, supra, 310 Conn. 313.

Here, Reliable Mechanical claims, as it did below, that the plaintiff failed to prove that El-Hajj-Bey had signed the note and guarantee for the loan that is the subject of this action, and thus that a genuine issue of material fact exists and the plaintiff was not entitled to summary judgment. In support of its motion for summary judgment, the plaintiff submitted copies of the note and guarantee that were purportedly signed by El-Hajj-Bey. In response, Reliable Mechanical submitted an affidavit executed by El-Hajj-Bey, in which he

averred, inter alia: "While I recognize my signature on the signature pages for the note and [guarantee] for the $25,000 loan, I am unfamiliar with those documents and did not receive all the money listed. During my deposition on May 8, 2014, the [plaintiff] presented me with a document dated May 23, 2005, but the signature sheet, containing my signature, was dated August 23, 2008. It was clear that [the plaintiff] took the signature from another document that I signed." In its memorandum of law in support of summary judgment, the plaintiff quoted portions of El-Hajj-Bey's deposition purporting to demonstrate the nonexistence of a dispute as to whether El-Hajj-Bey signed the documents at issue.[4] Reliable Mechanical submitted a copy of a certain portion of the transcript of El-Hajj-Bey's deposition calling the plaintiff's contention into question. The court granted summary judgment in favor of the plaintiff in a very brief order, consisting only of three lines, on the ground that Reliable Mechanical had presented "no credible opposition" to it. We conclude, on the basis of our plenary review of the record, that Reliable Mechanical raised a genuine issue of material fact, and the court, rather than simply recognizing the existence of that contested fact, impermissibly resolved it. Accordingly, summary judgment was not properly rendered.

## II

The defendants also challenge the trial court's judgment dismissing their counterclaims. The court dismissed the defendants' counterclaims for two reasons. It explained: "First [Reliable Mechanical] does not have standing because the counterclaim refers to other property and not the instant property. Secondly the claimed harm in the counterclaim is alleged to [have occurred in] March, 2005 and the counterclaim wasn't filed until December 5, 2011. There are two counts, fraud and [CUTPA], each of which has a three year statute of limitations." The court subsequently, on this court's order, articulated its decision, explaining that, because El-Hajj-Bey had filed for bankruptcy, its judgment of dismissal pertained only to the counterclaims advanced by Reliable Mechanical.

Because the court's judgment of dismissal pertained only to Reliable Mechanical's counterclaims, there has been no final judgment on the counterclaims filed by El-Hajj-Bey individually. This court thus lacks jurisdiction over El-Hajj-Bey's appeal, and it must therefore be dismissed. See Practice Book § 61-3.

As for Reliable Mechanical's appeal from the court's judgment of dismissal of its counterclaims, it argues that the court erred in holding that they were barred by the three year statute of limitations. As Reliable Mechanical notes in its brief to this court, however, the statute of limitations is only "[o]ne of the two grounds on which the court dismissed" its counterclaims. "[I]t

is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from *the determination of which no practical relief can follow.* . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . . Where an appellant fails to challenge all bases for a trial court's adverse ruling on his claim, even if this court were to agree with the appellant on the issues that he does raise, we still would not be able to provide [him] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims. . . . Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Lester*, 324 Conn. 519, 526–27, 153 A.3d 647 (2017).

Here, even if we were to determine that Reliable Mechanical's claim regarding the statute of limitations has merit, there still would exist another ground upon which the trial court based its judgment—that Reliable Mechanical lacked standing to assert those counterclaims—which has not been challenged on appeal. There is thus no practical relief we can afford to Reliable Mechanical on the basis of its appeal.

The appeal with respect to El-Hajj-Bey's challenge to the summary judgment and with respect to the defendants' challenge to the dismissal of their counterclaims is dismissed; the summary judgment rendered against Reliable Mechanical is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.

[1] The defendants also claim that the court erred in not allowing El-Hajj-Bey to be heard on behalf of Reliable Mechanical at the hearing in damages on the plaintiff's complaint. Because we reverse the summary judgment rendered in favor of the plaintiff, we need not address this claim.

[2] On July 1, 2014, the defendants moved for an extension of time to file a response to the plaintiff's motion to dismiss the counterclaims, but no action was ever taken on that motion and no objection to the motion to dismiss the counterclaims was ever filed.

[3] Although El-Hajj-Bey disputes his signature on the guarantee, that issue is not before us in this appeal.

[4] The plaintiff did not, however, submit copies of the transcripts of the deposition.