******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# STATE OF CONNECTICUT *v.* ANTHONY CARTER
## (AC 41656)

DiPentima, C. J., and Alvord and Pellegrino, Js.

*Syllabus*

The defendant, who had been convicted of the crimes of assault in the first degree, attempt to commit assault in the first degree, risk of injury to a child and criminal possession of a firearm, appealed to this court from the judgment of the trial court dismissing his motion to set aside the judgment of conviction. The court dismissed the defendant's motion to set aside the judgment, filed in 2017, on the ground of collateral estoppel in that the defendant's claim of "after-discovered fraud" on the court had already been considered and rejected multiple times before, including, most recently, when the trial court denied a motion to open and set aside the judgment he had filed in 2010, which alleged, inter alia, fraud concerning ballistics evidence. Alternatively, the court concluded that it lacked subject matter jurisdiction over the 2017 motion to set aside the judgment and that, even if the defendant could make out a cognizable fraud claim, no fraud exception exists to the finality of criminal judgments. *Held* that the defendant could not prevail on his claim that the trial court erred in dismissing his 2017 motion to set aside the judgment of conviction, as the defendant's appeal was rendered moot because he failed to challenge all independent grounds for the court's adverse ruling: although the defendant claimed that it was error for the trial court to find that it lacked subject matter jurisdiction over the 2017 motion to set aside the judgment, he failed to challenge the court's independent ground for dismissing the 2017 motion to set aside the judgment, namely, that the defendant's claim was substantively the same as others he had made multiple times before, most recently in 2010, and, thus, was collaterally estopped, and, therefore, even if this court agreed with the defendant on the merits of his subject matter jurisdiction claim, there was no practical relief that could be afforded to him in light of the unchallenged collateral estoppel basis for the trial court's dismissal; accordingly, the defendant's claims were moot and this court was without subject matter jurisdiction over his appeal.

Argued September 11—officially released November 5, 2019

*Procedural History*

Substitute information charging the defendant with the crimes of assault in the first degree, attempt to commit assault in the first degree, risk of injury to a child and criminal possession of a firearm, brought to the Superior Court in the judicial district of Hartford and tried to the jury before *Mulcahy, J.*; verdict and judgment of guilty; thereafter, the court, *Schuman, J.*, granted the state's motion to dismiss the defendant's motion to set aside the judgment; subsequently, the court, *Schuman, J.*, denied the defendant's motion for reconsideration; thereafter, the court, *Schuman, J.*, dismissed the defendant's motion to set aside the judgment, and the defendant appealed to this court. *Appeal dismissed.*

*Anthony Carter*, self-represented, the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *Richard J. Rubino*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ALVORD, J. The self-represented defendant, Anthony Carter, appeals from the trial court's dismissal of his motion to set aside a judgment of conviction imposed on August 2, 2002. On appeal, the defendant claims that (1) the prosecutor committed fraud by writing in the state's response to the defendant's motion for reconsideration, dated June 2, 2017, that it was not "[t]he appropriate mechanism" to secure relief and that a "motion for a new trial or a motion to set aside the judgment" would be; (2) the court's determination that it lacked subject matter jurisdiction over his motion to set aside his judgment of conviction was erroneous; and (3) even if the court did not err in its subject matter jurisdiction determination, the state "[submitted] to the jurisdiction of the court." The state argues, in part, that because the defendant fails to challenge all independent grounds for the court's adverse ruling, his appeal is rendered moot. We agree with the state. Accordingly, we dismiss the defendant's appeal.[1]

The following relevant facts are set forth in our decision from one of the defendant's prior appeals. *State v. Carter*, 139 Conn. App. 91, 55 A.3d 771 (2012), cert. denied, 307 Conn. 954, 58 A.3d 974 (2013). "[T]he defendant's prosecution arose from the terrible consequences of a drug turf war, in which a stray bullet fired from the defendant's gun struck and seriously injured a seven year old girl. . . . Following a jury trial, the defendant was convicted of assault in the first degree in violation of General Statutes § 53a-59 (a) (5), attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 (a) (2) and 53a-59 (a) (5), risk of injury to a child in violation of General Statutes § 53-21 (a) (1) and criminal possession of a firearm in violation of General Statutes § 53a-217 (a) (1), and the court rendered judgment accordingly. The court sentenced the defendant to a total effective term of twenty-seven years incarceration." (Internal quotation marks omitted.) Id., 92.

On June 20, 2017, the defendant filed a motion to set aside the judgment.[2] Therein, the defendant claimed "after-discovered fraud on the court." (Internal quotation marks omitted.) In his memorandum of law in support of the operative motion, the defendant expounded "that the prosecution altered, concealed and/or removed from the trial proceedings documents prepared by the Hartford Police Department with purpose to impair its verity and availability, and that the prosecution passed the altered document off to the defense, representing it to be '[simply] a distance' measurement, knowing it to be false." On August 3, 2017, the state moved to dismiss the operative motion, arguing that the trial court lacked subject matter jurisdiction. The trial court, *Schuman, J.*, granted the state's motion on October 30, 2017.[3]

In the court's ruling, it detailed part of the defendant's "voluminous history" of postconviction litigation, including a motion to open and set aside the judgment of conviction filed in 2010. The defendant based his 2010 motion on "fraud concerning ballistics evidence and reports prepared by the Hartford Police Department about that evidence." (Internal quotation marks omitted.) That motion was denied by the court, *Gold, J.*, on two grounds: (1) "the motion was filed well beyond the four month period after the entry of the criminal conviction and judgment"; and (2) "the motion was barred by collateral estoppel in that Judge Nazzaro had rejected the same claim in the defendant's third habeas petition."[4] Applying this history to the operative motion, Judge Schuman concluded that the defendant's claim bore "only semantic differences from the defendant's claim . . . raised in [the 2010] motion to open." As that claim had already been considered and rejected multiple times before, most recently by Judge Gold and this court, the trial court concluded that it "necessarily must grant the state's motion to dismiss . . . ."

The court further concluded that, even if the defendant's claim were to be treated as distinct from the one he had raised in 2010, the operative motion still warranted dismissal. First, the court cited to *State* v. *Carrillo Palencia*, 162 Conn. App. 569, 580–82, 132 A.3d 1097, cert. denied, 320 Conn. 927, 133 A.3d 459 (2016), for the proposition that "absent a statute or rule to the contrary, the Superior Court loses jurisdiction over the defendant's conviction at the time of sentencing," a principle that "applies to a postconviction 'motion to open judgment.' " The court stated that the defendant's motion to set aside the judgment was substantively the same as a motion to open the judgment "and, therefore, falls under the same rule." Second, the court rejected the defendant's argument that, under Connecticut law, there is a fraud exception to the general finality rule for criminal judgments and that, even if such an exception existed, the defendant's claim was "too vague to label it definitively as one of fraud on the court."

The defendant filed the present appeal on May 17, 2018. In the defendant's preliminary statement of issues, he claimed that the trial court abused its discretion by dismissing the operative motion after determining "it did not have subject matter jurisdiction . . . ." In the defendant's appellate brief, he raises three claims, which are set forth in the opening paragraph of this decision. The defendant does not, however, claim that the court's collateral estoppel ruling was erroneous.[5]

The state argues that even if the court "incorrectly determined that it lacked jurisdiction to set aside the judgment," the court's ruling "dismissing the [operative] motion on the basis of collateral estoppel . . . stand[s] unchallenged." According to the state, the defendant's failure to challenge the court's collateral estoppel ruling

renders moot his appeal under *State* v. *Lester*, 324 Conn. 519, 153 A.3d 647 (2017), leaving this court without subject matter jurisdiction.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [an appellate] court's subject matter jurisdiction . . . ." (Internal quotation marks omitted.) Id., 526. "Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by the judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant." (Internal quotation marks omitted.) Id., citing *State* v. *Nardini*, 187 Conn. 109, 111–12, 445 A.2d 304 (1982). "[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or [the] defendant in any way." (Emphasis omitted; internal quotation marks omitted.) *State* v. *Holley*, 174 Conn. App. 488, 504, 167 A.3d 1000, cert. denied, 327 Conn. 907, 170 A.3d 3 (2017), cert. denied,     U.S.    , 138 S. Ct. 1012, 200 L. Ed. 2d 275 (2018).

In the present case, when the court dismissed the operative motion, it relied on two independent grounds. The court first concluded that the defendant's claim was substantively the same as others he made multiple times before—most recently in 2010—and, thus, was collaterally estopped. The court concluded, alternatively, that it lacked subject matter jurisdiction over the operative motion, and that, even if the defendant could make out a cognizable fraud claim, no fraud exception exists to the finality of criminal judgments.

On appeal, the defendant claims that it was error for the court to find it lacked subject matter jurisdiction over the operative motion because "a trial court, whether civil or criminal, never loses jurisdiction over a judgment obtained by fraud." The defendant did not, however, claim that the court's reliance on collateral estoppel was erroneous. Thus, even if we were to agree with the defendant on the merits of his subject matter jurisdiction claim, we would be incapable of providing him any practical relief in light of the unchallenged collateral estoppel basis for the court's dismissal. See *State* v. *Lester*, supra, 324 Conn. 527–28 (dismissing as moot defendant's appeal of trial court's granting of state's motion in limine because there were "independent bases for the trial court's exclusion of the evidence . . . that the defendant [had] not challenged in [his]

appeal"); *State* v. *Holley*, supra, 174 Conn. App. 506–507 (dismissing defendant's appeal as moot with respect to suppression of evidence claim because defendant did not challenge independent, verbal consent basis for upholding trial court's decision). Therefore, the defendant's claims are moot, and we are without subject matter jurisdiction over his appeal.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] Because we dismiss the defendant's claims as moot, we do not reach the merits of his claims.

[2] For ease of reference, the defendant's motion to set aside the judgment will hereinafter be referred to as the operative motion.

[3] The defendant filed a motion to reconsider the dismissal of the operative motion. That motion was denied by Judge Schuman on November 21, 2017.

[4] Judge Gold's decision was affirmed by this court. *State* v. *Carter*, supra, 139 Conn. App. 93.

[5] At oral argument before this court, the defendant argued that, because the trial court sua sponte raised the issue of collateral estoppel in its ruling on the operative motion, the defendant had no notice of that issue in order to make an adequate record. Because the defendant advanced this claim for the first time during oral argument, we decline to consider it. See *State* v. *Marcelino S.*, 118 Conn. App. 589, 592 n.4, 984 A.2d 1148 (2009) ("[a]ppellate courts generally do not consider claims raised for the first time at oral argument"), cert. denied, 295 Conn. 904, 988 A.2d 879 (2010).