******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

STATE OF CONNECTICUT *v.* MICHAEL
J. MARSALA
(AC 41994)

Bright, C. J., Moll and Alexander, Js.

*Syllabus*

The defendant appealed to this court from the judgment of the trial court
finding him in violation of his conditional discharge and revoking his
conditional discharge. He claimed that the particular condition of his
conditional discharge that prohibited him from soliciting on private
property violated his rights to free speech, due process, and liberty
guaranteed by the first, fifth, and fourteenth amendments to the United
States constitution. *Held* that the defendant's appeal was dismissed as
moot, the defendant having failed to challenge all the bases for the trial
court's finding that he violated his conditional discharge; the court also
found that the defendant violated a second condition of his conditional
discharge, the condition that he stay away from the Connecticut Post
Mall in Milford, and, as the defendant failed to challenge this independent
basis for the court's finding that he violated his conditional discharge,
this court could not afford him any practical relief.

Argued January 14—officially released May 11, 2021

*Procedural History*

Information charging the defendant with violation of
conditional discharge, brought to the Superior Court in
the judicial district of Ansonia-Milford, geographical
area number twenty-two, and tried to the court, *Brown,
J.*; judgment revoking conditional discharge, from
which the defendant appealed to this court. *Appeal
dismissed.*

*Deren Manasevit*, assigned counsel, for the appellant
(defendant).

*Timothy F. Costello*, senior assistant state's attorney,
with whom, on the brief, were *Margaret E. Kelley*,
state's attorney, and *Matthew Kalthoff*, assistant state's
attorney, for the appellee (state).

*Opinion*

MOLL, J. The defendant, Michael J. Marsala, appeals from the judgment of the trial court finding him in violation of his conditional discharge under General Statutes § 53a-32. On appeal, the defendant claims that the particular condition of his conditional discharge that prohibited him from soliciting on private property impermissibly infringed upon his rights to free speech, due process, and liberty, as guaranteed by the first, fifth, and fourteenth amendments to the United States constitution, respectively. We dismiss the defendant's appeal as moot because he has not challenged a separate, independent condition of the conditional discharge that he also was found to have violated.

The following facts, as found by the trial court, *Brown, J.*, after an evidentiary hearing on the violation of conditional discharge, and procedural history are relevant to our resolution of this appeal. "After a jury trial for one count of criminal trespass [in the] first degree [of which the jury found the defendant guilty], the court, *Markle, J.*, on October 28, 2016, sentenced the defendant to one year [of incarceration], execution suspended after four months to serve, [followed by] two years conditional discharge. The conditions were placed on the record by the court. The defendant was present in court at sentencing and was made aware of all the conditions by the court. Those conditions were: (1) [s]tay away from the Connecticut Post Mall, Milford, Connecticut; (2) stay away from Milford Crossing, also known as Walmart; (3) stay away from Milford Marketplace, also known as Whole Foods; [and] (4) no soliciting on private property. . . .

"On September 28, 2017, the defendant was arrested by warrant and charged with violations of conditional discharge. The state's long form information allege[d] violations on July 6, 2017 and July 24, 2017. At the hearing with regard to the violations of conditional discharge, the court heard testimony from Sergeant Joseph Maida of the Stratford Police Department. He testified that on July 6, 2017, he was dispatched to the Stop and Shop parking lot to investigate a soliciting complaint. Upon arrival he encountered the defendant who was carrying a windshield washer, a fluid bottle, an opaque jug, and a funnel. Upon being approached by Sergeant Maida and the other officers, the defendant stated he was homeless, he had no job, and this was how he made his living. He stated [that] the defendant did not deny that he was on the premises for the purpose of asking people for money. Sergeant Maida testified that Stop and Shop was and is private property. The defendant was subsequently arrested for trespassing.

"The court also heard testimony from Mr. Wilford Castillo, employed by mall security for the Connecticut Post Mall in Milford. He testified that on July 24, 2017,

he found the defendant in the Target department store parking lot which is on the grounds of the mall. He recognized the defendant as someone who had been banned from the mall property. He approached the defendant and reminded him of the ban.

"The court also heard testimony from Officer Michael Brennan of the Milford Police Department. He testified that he observed the defendant on Stop and Shop property, specifically East Town Road. He testified that the defendant admitted he had previously been on mall property and that he had been warned previously to stay off mall property. The defendant was subsequently arrested for criminal trespass.

"[T]he defendant testified at trial; he admitted to still asking people for money stating 'I get by by the generosity of people. I asked for money last night.' When asked whether he was asking for money at Stop and Shop on the evening of July 24, 2017, he stated 'no, never got the chance to.' The defendant testified that he could not recall a condition imposed by the court, *Markle, J.*, that he not solicit money. However, he then stated, '[e]verybody at the sentencing, including yourself, that the most important thing to everyone was that I was not to [solicit] at the Milford mall. . . .'

"The court finds that the defendant was well aware of the conditions of his release imposed by the court and his October 28, 2016 sentencing hearing, specifically, no soliciting on private property and stay away from the Connecticut Post Mall. . . .

"The court finds the testimony of Sergeant Maida, Officer Brennan, and Mr. Castillo credible and reliable."

On June 12, 2018, the court, *Brown, J.*, found that the state had proven by a preponderance of the evidence that the defendant violated two conditions of his two year conditional discharge by (1) failing to stay away from the Connecticut Post Mall and (2) soliciting on private property, specifically, at the Stop and Shop. Thereafter, the court revoked the original sentence of conditional discharge and sentenced the defendant to eight months of incarceration. See General Statutes § 53a-32 (d). This appeal followed.

On appeal, the defendant claims that the condition of his conditional discharge that prohibited him from soliciting on private property improperly infringed upon his rights to free speech, due process, and liberty, as guaranteed by the first, fifth, and fourteenth amendments to the United States constitution, respectively.[1] Absent from the defendant's appellate brief, however, is a challenge to the second condition of the conditional discharge that he was found to have violated, namely, the condition that he stay away from the Connecticut Post Mall in Milford. The defendant's failure to challenge this independent basis for the court's finding that he violated his conditional discharge renders his appeal

moot, as we cannot afford him any practical relief.

"Mootness is a question of justiciability that must be determined as a threshold matter because it implicates [this] court's subject matter jurisdiction . . . . The fundamental principles underpinning the mootness doctrine are well settled. We begin with the four part test for justiciability . . . . Because courts are established to resolve actual controversies, before a claimed controversy is entitled to a resolution on the merits it must be justiciable. Justiciability requires (1) that there be an actual controversy between or among the parties to the dispute . . . (2) that the interests of the parties be adverse . . . (3) that the matter in controversy be capable of being adjudicated by the judicial power . . . and (4) that the determination of the controversy will result in practical relief to the complainant. . . .

"[I]t is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In determining mootness, the dispositive question is whether a successful appeal would benefit the plaintiff or defendant in any way. . . .

"Where an appellant fails to challenge all bases for a trial court's adverse ruling on his claim, even if this court were to agree with the appellant on the issues that he does raise, we still would not be able to provide [him] any relief in light of the binding adverse finding[s] [not raised] with respect to those claims. . . . Therefore, when an appellant challenges a trial court's adverse ruling, but does not challenge all independent bases for that ruling, the appeal is moot." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Lester*, 324 Conn. 519, 526–27, 153 A.3d 647 (2017); see also *State* v. *Lanagan*, 119 Conn. App. 53, 60–62, 986 A.2d 1113 (2010) (affirming revocation of probation and imposition of new sentence upon concluding that there was sufficient evidence for trial court to find that defendant violated two conditions of probation and, in light thereof, declining to address defendant's claim directed to court's finding that she violated third condition).

Here, as a result of the defendant's failure to challenge all of the independent bases for the court's finding him in violation of his conditional discharge, we cannot afford him any practical relief. Thus, we are compelled to conclude that the defendant's claim on appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.

[1] In anticipation of an argument by the state that his appeal is moot because he has completed serving his sentence, the defendant also argued in his principal appellate brief that his appeal was not rendered moot by the completion of his sentence because his claim satisfies the "capable of repetition, yet evading review" exception to the mootness doctrine. See

*Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995). This exception, when satisfied, applies to an appeal that has been rendered moot because "*during the pendency of an appeal, events have occurred* that preclude an appellate court from granting any practical relief through its disposition of the merits . . . ." (Emphasis added; internal quotation marks omitted.) Id. We do not address the defendant's argument regarding the "capable of repetition, yet evading review" exception because we conclude that his appeal is moot for a different reason, as explained herein.

––––––––––––––––––––––––––––––––––––